Davies v. Beadle.

---

DAVIES v. BEADLE *et al.*

1. **Equity:** SPECIFIC PERFORMANCE: MUTUAL COVENANTS. Where A. executes to B. a title bond in consideration of a'like bond executed by B. to A., and also executes a power of.attorney in.consideration of another bond executed to him by B., it is *held*, that A., after violating the conditions of his bond to B., and revoking the power of attorney, cannot enforce against B. the bond executed by him.

2. —— LACHES. A party cannot wait his·own time and leisure, and determine to perform his part of a contract and then enforce performance on the part of the opposite party, only when it becomes apparent that such course will best subserve his interest.

Davies v. Beadle.

*Appeal from Howard District Court.*

THURSDAY, OCTOBER 23.

ACTION in equity for an undivided one-sixth interest in the town of Cresco, Howard county, situated upon the north fifty-one fifty-six hundredths acres of the north half north-west quarter, section twenty-six, and one hundred and eight thirty-one hundredths acres off the south side of the south-west quarter of section 23, township 99, range 11.

John T. Stoneman filed a petition of intervention, claiming the one-eighth part of the interest of Davies and Beadle in said town.

Judgment for plaintiff, for the interest claimed, and dismissing the petition of intervenor. The defendant Beadle and the intervenor appeal.

The material facts appear in the opinion.

*Goodrich, Clark, Willet* and *J. O. Crosby* for Beadle.

*Murdock* for the intervenor.

*Noble, Hatch & Frese* for the appellee.

DAY, J. — I. The case is quite voluminous, the abstract of the pleadings and evidence embracing 149 pages of closely-printed matter.

It is apparent that a review of all the evidence is neither practicable nor desirable. Much of it, in the view which we

1. EQUITY.
take of the case, is irrelevant. The cause was tried by the first method, and is reviewable here, *de novo*. It will much simplify the case to set out its history, as nearly as practicable in chronological order, eliminating from it every collateral and immaterial matter.

On the 29th day of February, 1869, T. P. Davies, the plaintiff, and Augustus Beadle, one of the defendants, entered into

a contract with the McGregor Western Railway Company, through its president, George Greene, in which it was agreed, in consideration of the said Davies and Beadle circulating subscription lists and procuring donations of lands and moneys in Fillmore and Mower counties, in Minnesota, and in Mitchell and Howard counties, in Iowa, to aid in the construction and equipment of said road, that all towns, depots or stations which the said railroad company should decide to locate in the counties of Mitchell or Howard, should be located on lands or at points designated by the said Davies and Beadle, provided said points or locations should be as favorable for the interests of the company as other points on the line, and provided said company should have donated to it an interest equal to the undivided half of at least 160 acres.

Pursuant to this contract, Davies and Beadle interested themselves in behalf of the McGregor Western Railway Company, and procured donations of land and a large amount of subscriptions therefor.

Further carrying out the provisions of this contract, and with a view of securing the location of a railroad town, the said Davies and Beadle procured from M. L. Shook and his wife a bond for the conveyance of the undivided half of the south half of the south-west quarter of section 23, in township 99, range 11, upon condition that the said Beadle and Davies should procure or cause the McGregor Western Railway to be established within 350 feet of the south line of said tract, and that they should cause the depot grounds to be located within or near the center of said tract, in an east and west direction.

The bond further recites that, should the said Beadle and Davies fail to procure the location of the said depot grounds, as stipulated for, they bind themselves to purchase from Shook, the said south-west quarter of section 23, aforesaid, and to pay him therefor the sum of $5,000; and upon the payment of said sum Shook stipulated to convey the said premises to Beadle and Davies. This bond was signed by Shook and wife, and was duly acknowledged and filed for record.

In March, 1865, the Milwaukee and Prairie Du Chien Railway Company leased the McGregor Western road for 999 years, with the option of purchase.

Of the Milwaukee and Prairie Du Chien Railway Co., Wm. B. Strong was assistant superintendent.

After this lease, it was determined that Strong, B. H. Edgerton, the engineer of the last-named company, Beadle, and others, should be the proprietors of a railway town in Howard county.

Beadle was very anxious that Davies should be admitted as one of the proprietors of this town, but Strong unconditionally refused to have any business relation with Davies, and declared if the town could not be located upon the lands in question without Davies having an interest in it, it should be located elsewhere, if his influence could secure such location.

Beadle asked if there was any objection to his giving a portion of his own profits to Davies. Strong answered that he could do as he pleased about that, but that he would not consent to Davies being a partner in the town. Meanwhile Shook was informed that whilst his bond bound him to convey to Davies and Beadle, if they tendered the price agreed upon, they were under no obligation to take the land, and that Davies had said he would not take the land unless the depot was located upon it, hence he became much dissatisfied, and very anxious to be released from the bond. Beadle offered to buy the land, but Shook refused to convey to any one until he should be unconditionally released from the obligation of his bond to Beadle and Davies.

From what motive the evidence does not clearly show, but probably because, from the fact of the opposition and influence of Strong, it had become apparent that a railroad town would not be located upon land in which Davies was interested, Beadle and Davies, on the 6th of April, 1866, executed a paper which was duly acknowledged, releasing Shook and wife, from the condition of their bond, obligating them to convey to Beadle and Davies the aforementioned south-west quarter of section 23.

Shook, thus at liberty to convey to whom he pleased, on the same day, conveyed the said land to Augustus Beadle, in consideration of the sum of $5,000, paid in full at the time of the conveyance.

Beadle, still anxious, it seems, that Davies should derive some benefit from the location of a town in said county, on the 7th day of April, 1866, executed to Davies his bond, reciting that it was supposed that the McGregor Western Railway would pass over the south half of the south-west quarter of section 23, and the north half of the north-west quarter of section 26, in township 99, range 11, and that a railroad station and town would be located thereon, and binding himself to hold in trust for Davies an undivided one-sixth interest in said lands, and upon payment by said Davies to Beadle of the one-sixth part of the purchase money thereof, to convey to Davies the one-sixth of all the lots and blocks in said railroad town, and if the said town plat should be located on other grounds, binding himself to convey to Davies a one sixth interest in the lands so selected, if he should have title thereto, Davies paying one-sixth of the purchase-money. Beadle also bound himself to convey to Davies all the interest which Beadle had in the south-west quarter of section twenty-six, in township ninety-nine, range eleven, when the lots in said town should be partitioned. This bond recites that the consideration thereof is a bond of even date from Davies to Beadle, wherein Davies agrees to convey to Beadle certain lands and tenements described in said bond.

The acknowledgment to this bond bears date June 21, 1866, and there is evidence tending to show that it was never acknowledged in fact, but that a certificate of acknowledgment intended for another paper was, through procurement of Davies, and mistake of the notary, attached to this.

In the bond above referred to, Davies binds himself to convey to Beadle twenty-three and one-third acres off of the north side of the south-west quarter of section 26, in township 99, range 11, and all the remaining interest he may have in the north-east quarter of section 27, same township and range,

after carrying out his joint bond with Augustus Beadle, made to Abram H. Harris, for the conveyance of twenty-three acres, and after reserving to himself an undivided interest in the same, amounting to twenty-three and one-third acres.  This bond recites that it is in consideration of one of even date from Beadle to Davies.

The evidence shows that the bond of Beadle to Davies, dated April 7, 1866, was not intended to be recorded, but it was filed for record June 9, 1866, the certificate of acknowledgment, as before stated, bearing date 21st June, 1866.

The next step is the acknowledging of the plat of the town of Cresco, on the lands in dispute, by Beadle, Edgerton and Strong, June 12th, and the filing of the same for record June 22, 1866.  At the instance of Strong, who feared that the recording of the bond might cast a cloud upon the title of the town property, and prevent sales, Beadle, on the 20th day of June, 1866, executed a conveyance of all his title and interest in the town of Cresco to Strong.  This deed, however, was not delivered, in order that it might be ascertained whether Davies would execute a power of attorney, authorizing the conveyance of the interest appearing in him in virtue of the bond.

On the 27th of June, 1866, Davies and wife executed their power of attorney to Augustus Beadle, authorizing him to take possession of and dispose of all their interest in the said town of Cresco.  In consideration of this power of attorney, Beadle, on the same day, executed his bond to Davies, binding himself to divide the proceeds of the sales made in accordance with said power of attorney, giving to said Davies a one-sixth part of all moneys and choses in action received in consequence of said sales, reserving from the moneys to be so paid a one-sixth amount of the original purchase of said land, together with one-sixth of all the expenses of surveying, platting, recording, conveyancing, and all other incidental expenses connected therewith.

Under this arrangement, various sales were made, and of the proceeds thereof Beadle paid Davies about $1,185.

On the 27th day of February, 1867, Davies revoked his power of attorney to Beadle in so far as the same related to his interest in the public park. This was followed on the 18th day of October, 1867, by the delivery and filing for record of the deed from Beadle to Strong. On the 29th day of October, 1867, Davies executed, acknowledged and filed for record a revocation *in toto* of Beadle's power of attorney.

On the 9th day of July, 1868, Davies commenced his action against Beadle for the partition of the south west quarter, section 26, and north-east quarter, section 27, in town 99, range 11.

On June 5, 1869, commissioners, duly appointed, made their report, dividing both quarters by a north and south line, and assigning the east parts to Davies and the west parts to Beadle.

It is urged by appellant that the contract with the McGregor Western Railway Company is void: (1) Because beyond the scope of the objects and purposes of the corporation; (2), because the president had no authority to bind the company, its articles of incorporation providing that its business shall be managed by a board of directors. It is further urged that the Shook bond is void for want of mutuality, and that its release furnishes no consideration for a contract.

We deem it unnecessary to discuss either of these questions. Plaintiff bases his right to recover upon the two bonds executed by Beadle to him. It is claimed that they are both without consideration.

The first bond, dated April 7, 1866, refers to a bond of even date therewith executed by Davies to Beadle, and declares that the consideration of the covenants of one is the execution of the other, and that the two are intended to constitute one entire contract between the parties.

When the parties have thus expressly declared that one bond is the consideration for the covenants in the other, we have no warrant for declaring, as it is urged by appellant should be done, that the Davies bond is the consideration for but part of the covenants in the Beadle bond. The agreement in the Davies bond is to convey to Beadle specified

portions of lands of which they seem to be tenants in 'common. There can be no doubt that this is a valuable consideration, and the sufficiency of a consideration the law, in the absence of fraud, leaves to the parties to the contract.

The other bond, dated June 27, 1866, is made upon the express consideration of the power of attorney, executed of the same date. It is claimed, however, that Davies possessed no interest to convey, that nothing passed by the power of attorney, and hence it is no consideration for the second bond. This objection is based upon the notion that the first bond was without consideration and void. But, as we have seen, the first bond is supported by a sufficient consideration, it follows that this objection to the sufficiency of the power of attorney, as a consideration, must also fail.

And even if the claim of Davies of an interest in the town had not been in point of law good, yet, as it created a cloud upon the title of the proprietors, and might have embarrassed them in the sale of lots, and required the interposition of a court of equity for its removal, the removal of this cloud, and the freeing of the parties from all embarrassment or hindrance in the sales, is a sufficient consideration for an agreement respecting it. *Richardson* v. *Barrick*, 16 Iowa, 411; 1 Pars. on Cont. (5th ed.), 438 and cases cited in note *n*.

The plaintiff, however, has not performed the conditions of his bond of April 7, 1866.

Instead of conveying to defendant as therein specified on the day that he commenced this action, he instituted against Beadle proceedings for partition, and secured a report of commissioners dividing the same by a line running north and south, whereas, under his bond he was obligated to convey a strip running entirely across one of the tracts from east to west.

On the 29th day of October, 1867, plaintiff revoked the power of attorney which formed the consideration of the second bond.

Thus he has repudiated the undertakings upon his part, in consideration of which those of defendant were made.

Yet he asks a court of equity to enforce a specific performance upon the part of the defendant.

Ignoring the contract so far as he is concerned, declaring by his actions that he will not observe the same nor be bound thereby, still he asks that the other party to the contract may be compelled to perform his part of it. That a party under such circumstances can have no relief in a court of equity, see *City of Clinton* v. *Clinton and Lyons Railway* at the present term.

II. On the 29th of February, 1869, T. P. Davies and Augustus Beadle entered into a contract with Murdock & Stoneman, the material portion of which is as follows:

2. — laches.

"Whereas the first parties propose to purchase or to become the owners of certain town sites along the line of the McGregor Western Railway Company's line of railroad, through the counties of Howard and Mitchell, in Iowa, or at least to own or purchase a two-thirds interest in the one hundred and sixty acres on which the railroad station or depot is located, the other third to be owned by George Greene or some other third party. One-half of the one hundred and sixty acres is to be donated to said railroad company so that the first parties will own a two-thirds interest in said one hundred and sixty acres after said donation.

"Now it is agreed that the second parties may become owners of the one-eighth part of the interest of said first parties in said one hundred and sixty acres, by paying one-eighth part of the purchase price to be paid on the same terms as the first parties pay for their interest in the same, to be paid at the time said purchases are made; provided the second parties have notice of such intended purchase, and if not, then within a reasonable time after notice of the purchase of the same."

This contract has been assigned to the intervenor, Stoneman. The intervenor alleges that Beadle has sold enough of the lots in the town of Cresco to pay for his interest and asks that Beadle be required to account for the proceeds of such

sales, and that partition be made of said property, and one-eighth part of the interest of Beadle and Davies may be assigned to him.

There is one objection to intervenor's claim which lies at the threshold, and which, it seems to us, must be conclusive against it.

Beadle and Davies were under no obligation to acquire any interest in town sites along the McGregor Western railway. If they had acquired no such interest, there would have been nothing of which intervenor could complain. He could not compel them to acquire an interest, nor recover damages for their failure to do so.

Now, Davies and Beadle never acquired the interest in any town site, they expected to obtain, at the time this agreement was made. Instead of acquiring a two-thirds interest, which they expected to own or purchase, they were able to acquire only a one-third interest.

Now, whilst they might have been under obligation to allow Murdock and Stoneman one-eighth of their two-thirds, if they had secured that interest, it does not follow that they must divide their interest, also, when they were able to secure only half what they expected.

Further, it is not claimed that the intervenor, or Murdock and Stoneman ever paid or offered to pay any thing on their interest. The contract provides that they shall pay their share at the time of the purchase, if they have notice of the intended purchase, and if not, then within a reasonable time after notice of the purchase. Not, as is argued within a reasonable time after Davies and Beadle gave them notice of the purchase, but within a reasonable time after notice, however acquired. The purchase of the land on which the town of Cresco is situated, was made in April, 1866. The town plat was filed for record June 22, 1866. During the summer and fall of 1866 the growth of the town was considerable. In the spring of 1868 it had a population of six hundred and twenty-seven.

It is altogether unreasonable to suppose that Murdock and

Stoneman were ignorant of the location and progress of this town.

Yet they make no offer to pay for the interest they claim; they wait until the prosperity of the town is assured, and until the sales of lots are sufficient to pay for their interest, without any risk or outlay on their part, and then the intervenor asserts his claim, and asks that his interest be assigned.

A party cannot thus wait his own time and leisure, and determine to perform and enforce his contract, only when assured that his interests will be best subserved by that course. *Usher* v. *Livermore*, 117 (i. e. 123), and cases cited.

The petition of the intervenor was rightly dismissed.

Reversed.