CARSON & RAND LUMBER COMPANY, Appellee, v. GEORGE W. BUNKER *et al.*, Appellants.

Unrecorded Chattel Mortgage: ACTUAL NOTICE: BURDEN OF PROOF.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, OCTOBER 13, 1891.

THIS is an action in equity to foreclose a chattel mortgage upon certain personal property. There was a decree for the plaintiff, and the defendant Bunker appeals.—*Affirmed.*

*Laughlin & Campbell*, for appellant.

*J. F. Smith*, for appellee.

ROTHROCK, J.—The evidence shows that on the twentieth day of March, 1889, the defendant Embree executed and delivered a chattel mortgage to the plaintiff upon the property in controversy. The said mortgage was filed for record in the recorder's office of the proper county, on the twenty-second day of the same month. There is no question about the validity of the mortgage. It was given for a full consideration; and for default in payment of the debt, or for any attempt to remove or dispose of the property, the plaintiff was, by the terms of the mortgage, authorized to take possession of the same, and remove and sell it, and out of the proceeds retain the amount of the debt and expenses, and pay the surplus, if any, to said Embree. These provisions of the mortgage plainly implied that the property was owned absolutely by Embree. The fact appears to be that the said Embree had before that, and on the twentieth day of February, 1889, executed and delivered to the defendant Bunker a chattel mortgage on the same property. But the last-named mortgage was not filed for record until the thirtieth day of March, 1889, some eight days after the filing of the plaintiff's mortgage. The only question to be determined is, which of the mortgages is the prior lien upon the property.

Upon the face of the record, the plaintiff's mortgage is prior, because it was first filed for record. But the appellant contends that the plaintiff had notice, when the mortgage to it was executed, that the property had before that been mortgaged to Bunker. The burden was on the defendant Bunker to establish this alleged fact by a preponderance of evidence. The court below was of the opinion that the defendant failed to maintain the issue. We have carefully examined the evidence, and reach the same conclusion. We need not set out the testimony of the witnesses, nor further elaborate the case.

The decree of the superior court is AFFIRMED.