THE STATE BANK OF DAYTON, Appellant, v. C. A. FELT, *et al.*

**Mortgages:** DESCRIPTION. A description of stock in a chattel mortgage, by reference merely to age, color, and sex, without reference to the location, ownership, or possession, is insufficient to impart notice of the property intended to be mortgaged, to subsequent mortgagees, although the mortgage forbids the removal of the property from a specified county, and the mortgagor covenants to warrant and defend it against the claims of all persons.

NOTICE: *Burden of proof.* Where a mortgage description is insufficient to impart notice to subsequent mortgagees, the latter need not show that they were without notice of a prior mortgage. If the holder of the earlier mortgage wishes to establish it as being first, he must allege, and prove, that the subsequent mortgagees had actual notice as to what property it was intended to cover by the earlier mortgage.

NOTICE OF OWNERSHIP: *Presumptions.* The fact of the execution of a mortgage does not presumably indicate the mortgagor as owner of the property.

**Pleading:** PRACTICE: *Law of case.* The averment by plaintiff in an action for the recovery of personal property, that it is worth at least a specified amount, and the admission thereof by defendant, fixes the value of the property, for the purposes of the case, to be at least such amount.

*Appeal from Hamilton District Court.*—HON. N. B. HYATT, Judge.

SATURDAY, OCTOBER 24, 1896.

ACTION for the recovery of specific personal property. Judgment for the defendant, and the plaintiff appeals.—*Affirmed.*

*Wesley Martin* for appellant.

*A. N. Boeye* for appellees.

Granger, J.—On the eighteenth day of December, 1888, W. A. East made to the plaintiff bank a mortgage on certain personal property which is the subject of this suit.  On the eighteenth day of March, 1889, and again on the eighteenth day of June, 1889, said East made a mortgage to Mrs. Felt, defendant, and the same property is included in these mortgages together, and Mrs. Felt took possession of the property September 1, 1891.  This action is to recover the possession of the property, by virtue of the mortgage to plaintiff, which was filed for record on the twentieth day of December, 1888.

The first question we are to consider is as to the sufficiency of the description in plaintiff's mortgage, which the district court held insufficient, and instructed the jury to return a verdict for the defendant.  The description is as follows: "Know all men by these presents, that I, W. A. East, of the county of Hamilton and state of Iowa, in consideration of the sum of six hundred and fifty dollars to me in hand, paid by the State Bank of Dayton, of Webster county, Iowa, party of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do grant and convey, unto the said party of the second part, his heirs, assigns, etc., the following goods and chattels, to-wit:  One brown mare, nine years old in spring; one sorrel horse, seven years old in spring; two black two year old colts, white spot in forehead; one mare and one gelding; three red cows, about eight years old; ten cows, about four years old (described as follows, to-wit:  Three white with red ears, one white with red head, two all white, one red with white face, one

red, one spotted, and one roan); three yearling heifers (one white and two red); one red yearling steer; fourteen calves (two steers and twelve heifers); twenty shoats (seven barrows and thirteen sows); and the increase of all the above-described stock,—to have and to hold the same forever. And I, the said party of the first part, will forever warrant and defend the same against all persons whomsoever." We have included some more than the mere description because appellant claims that importance is to be attached to the other language. We have no doubt of the correctness of the court's holding. This court has never held such a description good. The rule that a mortgage is sufficient if it will enable third persons, aided by inquiries which the instrument indicates and directs, to identify the property, is well understood, and it is recognized by appellant in argument.

2     Importance is attached to the provisions in the mortgage as to preserving the property from waste, to care properly for the same, or attempting to remove it from Hamilton county, and the covenant to warrant and defend it against the claims of all persons; and it is thought they show ownership by the mortgagor. These, or some of them, are usual covenants under which such mortgages have been construed as to sufficiency of description. The mortgage is destitute of the means of identification, such as ownership, possession, and location, on some of which reliance has usually been placed as indicating sufficiency of description. It does not show who owned the property in terms, in whose possession it was when the mortgage was made, nor where it was kept. *Brock v. Barr*, 70 Iowa, 399 (30 N. W. Rep. 652), is cited by appellant. In that case it appears that the mortgagor resided in Mahaska county, and that the property was in his possession. The description was held sufficient. It follows *Wells v. Wilcox*, 68 Iowa,

708 (28 N. W. Rep. 29).   In the holdings of this court importance has been attached to a statement as to ownership, location, or possession as a means of identification, or to aid inquiry.   Such cases as *Andregg v. Brunskill*, 87 Iowa, 351 (54 N. W. Rep. 135), and *Rhutasel v. Stephens*, 68 Iowa, 627 (27 N. W. Rep. 786), control this case on the question of the sufficiency of the description.   In *Shellhammer v. Jones*, 87 Iowa, 520 (54 N. W. Rep. 363), which appellant cites, the mortgage contained much of what is contained in this, on which appellant relies, and, in addition, it stated, in express terms, that the mortgagor owned the property, and importance is attached to that fact in the opinion.

The writer would readily concur in a holding that would change the rule of construction in this state, so that the fact of the execution of the mortgage would, in such cases, presumably indicate the mortgagor as owner, and such a rule would often lead to a different conclusion as to the sufficiency of description.   Such a rule would nearly, if not quite, bring this case in line with *Shellhammer v. Jones*.  But that is not the rule.

II.   Defendant Felt held mortgages on the property, of sufficient description.   It is thought by appellant that some of the divisions of the answer pleaded affirmative defenses, and that it is not alleged in one division that she took her mortgages without notice of plaintiff's mortgage.   It is not necessary to consider such points.   The answer contains a denial, and an express statement that the description was insufficient to impart notice.   The court, when the mortgage was offered in evidence by plaintiff, so held and refused to permit it in evidence.   That ended appellant's case.   Its right of recovery depended on its mortgage being such as to impart notice.   If it relied on actual notice to defendant, it must allege and prove it.   *Lumber Co. v. Bunker*, 83 Iowa, 751 (49 N.

W. Rep. 1003). Because of the manner in which the cause terminated, by a failure of plaintiff to establish *prima facie* a right to the property, some of the questions argued are of no importance on the appeal.

III. The court directed the jury to return a verdict for the defendant for the amount due on the notes secured by the mortgages, and the unpaid part of the costs of taking and keeping the stock, which the jury found to be one hundred and sixty-seven dollars and ninety-seven cents. The value of the property mortgaged, as averred by plaintiff and admitted by the defendant, was, at least, two hundred and thirty-two dollars. This avoids any question as to whether the value of the property should be what it was when the writ issued, or at the time of the trial. The pleadings fixed the value of the property, for the purposes of the case, to be, at least, two hundred and thirty-two dollars. Defendant claimed it to be fifteen dollars more. The judgment entered is for the amount fixed by the verdict, and it is AFFIRMED.