JOHN DIEMER v. GUERNSEY & JOHNSON AND BLANCHE G. JOHNSON, Appellants, ED. S. JOSELYN, G. V. GOODELL, Assignee of ED. S. JOSELYN for the benefit of Creditors, OLNEY & McDAID AND SIMMONS HARDWARE COMPANY, Defendants, COHEN & MEISNER AND TWELVE OTHERS, GENERAL CREDITORS, Interveners.

112    393
f140   685

**Preferences:** MORTGAGE AND GENERAL ASSIGNMENT. A debtor executed mortgages on his stock of goods to secure certain creditors, and two days thereafter made an assignment for the benefit of his creditors. At the time he executed the mortgages he had no intention of making the assignment. *Held,* that the execution of the mortgages and assignment were not so connected in point of time, circumstance, and intention as to constitute one transaction, and were therefore not void, as being an assignment with preference to certain creditors.

**Priority of Mortgages:** BURDEN OF PROOF. Where a mortgagee of personal property claimed priority over a prior unrecorded mortgage on the same property, the burden was on him to show that he took his mortgage without notice of such prior mortgage.

*Appeal from Tama District Court.*—HON. G. W. BURNHAM, Judge.

FRIDAY, OCTOBER 26, 1900.

PLAINTIFF brings this action in equity for judgment, and to foreclose a chattel mortgage executed to him July 6, 1896, by Ed. S. Joselyn, on a certain stock of merchandise and store fixtures to secure the payment of six promissory notes made at different dates between August 4, 1893, and July 6, 1896, inclusive, aggregating $2,000, and a second mortgage executed July 23, 1896, on the same property, to secure the same debt, made to correct errors supposed to exist in the first. G. V. Goodell, assignee of Ed. S. Joselyn for the benefit of creditors, Guernsey & Johnson

and Blanche G. Johnson, Olney & McDaid, and Simmons Hardware Company, creditors of Ed. S. Joselyn, are made defendants, and as to them plaintiff claims priority. Cohen & Meisner and 12 other general creditors of Ed. S. Joselyn intervened; but as no relief was granted to them, and they do not appeal, their demands require no further notice. Guernsey & Johnson filed answer and cross bill asking foreclosure of the chattel mortgage executed to them by Ed. S. Joselyn, August 31, 1893, to secure the payment of his four promissory notes dated August 7, 1893, aggregating $1,868.89, and claiming that said mortgage is a lien prior and superior to the claims and liens of the other defendants. Olney & McDaid filed their answer and cross bill, asking to foreclose a chattel mortgage of Ed. S. Joselyn made to them July 23, 1896, on the same property, to secure his promissory note in the sum of $780. They claim that their mortgage is superior to that of Guernsey & Johnson, and of equal force with the mortgage of the Simmons Hardware Company, and say that they have not information sufficient to form a belief as to whether or not plaintiff's mortgage is superior to their mortgage. The Simmons Hardware Company filed similar answer and cross bill to foreclose their chattle mortgage on the same property given by Joselyn to secure his note for $256.49. Issues were joined upon these cross bills, plaintiff asserting his mortgage to be superior; Olney & McDaid and the Simmons Hardware Company claiming their liens to be superior to that of Guernsey & Johnson and to the assignment to Goodell. Guernsey & Johnson claim their mortgage to be paramount to the claims and liens of all the other defendants. The assignee and interveners attack the Guernsey & Johnson mortgage, and claim their interests to be superior in the property in controversy to said mortgage. Decree was entered foreclosing the mortgages of the plaintiff and of defendants Olney & McDaid and the Simmons Hardware Company, and dismissing the cross bill of Guernsey &

Johnson asking foreclosure, but allowing their claim as a general creditor under the assignment. Guernsey & Johnson appeal.—*Reversed.*

*J. A. Merritt* for appellants.

*Struble & Steiger* for appellees assignee and interveners.

*Willett & Huber* for appellees Diemer, Joselyn, Goodell, Olney & McDaid, and Simmons Hardware Co.

GIVEN, J.—I. There is no question but that Ed S. Joselyn is indebted to each of these creditors in the amounts claimed, except as to the last of the six notes executed to the plaintiff. This note was executed July 6, 1896, for $1,000, and we are satisfied that it represents a *bona fide* indebtedness. The several claims being thus established, we now inquire as to the rights of these mortgagees under their respective mortgages, and, first, as to whether the appellants Guernsey & Johnson are entitled to a lien under their mortgage as against the other mortgages. In August, 1893, Ed. S. Joselyn purchased a stock of merchandise from Guernsey & Johnson, then owned and kept at Dayton, Webster county, Iowa. In part payment, Joselyn, on the seventh day of August, 1893, executed and delivered his four promissory notes, three for $500 each, and one for $368.89, payable to Blanche G. Johnson, a member of said firm. On the thirty-first day of August, 1893, Joselyn executed a mortgage on said merchandise to M. A. Guernsey and Blanche G. Johnson, conditioned for the payment of said notes "to the said Gurnsey & Johnson." Joselyn removed the merchandise to Tama City, Tama county, Iowa, where he kept the same on sale at retail in the usual course of such business. This mortgage was not filed for record until August 8, 1896, when it was filed in Tama county. This, it will be observed, was after the mortgages to the plaintiff, to Olney

& McDaid, and the Simmons Hardware Company were executed and recorded, and after the general assignment had been made to G. V. Goodell. Appellees contend that appellants' mortgage was withheld from record in pursuance of an agreement between the parties thereto, so as not to prejudice the credit of Joselyn as a retail merchant. This appellants deny, and say that they failed to record it only "by oversight, not understanding the necessity therefor." Joselyn testifies to an express agreement that the mortgage should be withheld from record, and this the appellants, and a disinterested witness, who was present, deny. We think the evidence fails to show such an agreement, but, if it did, it would be immaterial, as we view the case. The burden is upon appellees to show that they took their mortgages without notice of the existence of appellants' mortgage, and this they have failed to do, but on the contrary, it appears quite satisfactorily that the plaintiff and Olney & McDaid did have actual notice of its existence. The testimony of Mr. Johnson and of Mr. Duncan is quite conclusive as to plaintiff's knowledge, and other evidence leaves no doubt but that Olney & McDaid also knew of it before they took their mortgage.

II. Appellants contend that the mortgages to appellees and the assignment to Goodell were one transaction, and together constitute a general assignment, and that, being with preference to the appellees, the mortgage was void. The law is well established in this state that if, at the time of executing these instruments, it was the intention of Ed S. Joselyn to thereby dispose of all his property for the benefit of his creditors, they together constitute a general assignment, and, being with preference to certain creditors, are void. It is the intention of Ed. S. Joselyn that we are to ascertain. See *Letts v. McMaster,* 83 Iowa, 449; *In re Bloomfield Woolen Mills,* 101 Iowa, 181; *Creglow v. Creglow,* 100 Iowa, 276. The first mortgage to plaintiff was made the 16th, and the second,

to correct errors, the 23d of July, 1896. The mortgages to Olney & McDaid and the Simmons Hardware Company were made July 23, 1896, and each mortgage recorded on the day of its execution. The assignment was not made until July 25, 1896. We will not extend this opinion by discussing the evidence on this subject. It is sufficient to say that, while we have no doubt as to Joselyn's insolvency, we do not find that he had any intention of executing a general assignment at the time he made these mortgages, nor indeed, until the day it was made. We do not think that the execution of these instruments was so connected in point of time, circumstances, and intention as to constitute a single transaction. It follows from the conclusions we have announced that the general assignment to G. V. Goodell is valid; that appellants are entitled to a prior lien under their mortgage as against Ed S. Joselyn, the assignee, and other mortgagees; and that among them they are entitled to priority according to the order in which their respective mortgages were executed. The decree of the district court is reversed, and decree will be entered in harmony with this opinion.—REVERSED.

GRANGER, C. J., not sitting.