C. S. BLACKMAN, Appellant, v. JAMES HENDERSON *et al.*

Fictitious Mortgages: VALIDITY. A mortgage on real estate, executed by the owner thereof in the name of a fictitious person, to whom the owner has made a fictitious conveyance is valid as between mortgagor and mortgagee.

RECORDING: *Acknowledged before grantee.* When such mortgage purported to be acknowledged before the mortgagor as a notary public, it was not entitled to record, and the recording thereof is not sufficient to impart constructive notice.

*Curative statutes.* Acts Twenty-fourth General Assembly, chapter 42, amending Code 1873, section 1967, and legalizing the acknowledgment of recorded deeds and mortgages, which were executed prior to a certain date, does not make the record of a defectively acknowledged mortgage constructive notice thereof as against a person purchasing the land in good faith, and for a valuable consideration, prior to the passage of such act.

PLEADINGS: *Evidence over objection not effective without.* The admission of evidence, over objection, that a purchaser of real estate was a *bona fide* purchaser for value, without notice of a pre-existing mortgage, which was not properly recorded, is not sufficient to defeat such mortgage, where the purchaser does not plead such facts, but relies on a release of the mortgage.

*Appeal from Kossuth District Court.*—HON. F. H. HELSELL, Judge.

TUESDAY, OCTOBER 15, 1901.

ACTION to foreclose a mortgage upon real estate. Judgment for the defendants. The plaintiff appeals.—*Reversed.*

*Soper, Allen & Alexander* for appellant.

*Clarke & Cohenour* for appellees.

SHERWIN, J.—The plaintiff brings this action to foreclose a mortgage which purports to have been made by James Henderson and Lucy Henderson, his wife, on the twenty-sixth day of June, 1889. The following facts are established by the record: At the time of the transaction hereinafter noticed the plaintiff was a resident of Chicago, Ill., and one C. L. Lund was a resident of Algona, Iowa. Before the execution of the mortgage, Lund went to the plaintiff, in Chicago, and negotiated a loan of $1,500 on the land covered by the mortgage. At this time the record title of the land stood in Lund. The plaintiff made the loan, and received the bond of $1,500 therefor, signed "James Henderson," and a mortgage securing the same, signed "James Henderson" and "Lucy Henderson." On the twenty-fifth of June, Lund and his wife executed a deed of the land to James Henderson, which was recorded July 26, 1889. On the fifteenth day of July, 1889, a deed of the same land was made by James Henderson to C. L. Lund,

and this was recorded on the thirtieth day of December, 1889. Lund afterwards conveyed the land to the defendants' grantor. We are clearly of the opinion that James Henderson is a fictitious person; that Lund never conveyed the land to any such person; that no such person ever executed the plaintiff's bond and mortgage, or reconveyed the land to Lund; and that Lund made the mortgage in question in the name of James Henderson. Such being our conclusion of fact, what legal effect follows therefrom? Clearly this: Lund held the title to the land when the mortgage purporting to have been executed by James and Lucy Henderson was made, and that it was in law his mortgage, and, as between him and the plaintiff, was a valid instrument, and created a valid lien upon the property which it covered. 1 Jones, Real Property, section 218; 1 Devlin, Deeds, section 188; *Wilson v. White,* 84 Cal. 239 (24 Pac. Rep. 114); *David v. Insurance Co.,* 83 N. Y. 266 (38 Am. Rep. 418). See, also, *Bank v. Fletcher,* 44 Iowa, 252. The mortgage, however, purported to be acknowledged before C. L. Lund, who was, as we have said, the mortgagor therein. It is the general rule that neither a grantor nor a grantee in any kind of conveyance can take his own acknowledgment of it before himself so as to entitle it to be recorded. 1 Devlin, Deeds, section 478. The courts of some of the states have held, however, that, unless the interest of the officer taking the acknowledgment appears upon the face of the instrument itself, it will be entitled to record, and will impart constructive notice thereof. But a different rule was adopted in this state in *Wilson v. Traer,* 20 Iowa, 233, which has been since followed in *Bank v. Radtke,* 87 Iowa, 363, and in *Smith v. Clarke,* 100 Iowa, 605; these cases holding that the interest disqualifies, whether apparent or not. Following these cases, we must hold that the mortgage to the plaintiff, though valid as between him and Lund,

was not entitled to record, and that the record thereof did not, therefore, convey constructive notice to the defendants' grantor of its existence.

But the appellant contends that the defect in the acknowledgment was cured by the act of March 24, 1892 (Twenty-fourth General Assembly, chapter 42), extending the operation of section 1967 of the Code of 1873 to February 1, 1892. Lund conveyed this land to one McDonough Young on the twenty-eighth day of December, 1899, and the defendants trace their title to him. If it be conceded that the curative statute invoked applies to cases where there is a void acknowledgment,—as in this case,—it must still be held not to affect the title acquired by Young if he purchased the premises in good faith, for a valuable consideration, and without actual notice of plaintiff's mortgage, for then he would have a vested right which could not be interfered with. *Brinton v. Seevers,* 12 Iowa, 389. In any event, however, the defendants must allege and prove that Young was a *bona fide* purchaser for value, and without notice. Section 2925 of the Code (Code 1873, section 1941) provides that "no instrument affecting real estate is of any validity against subsequent purchaser for a valuable consideration without notice, unless recorded," etc. *Sillyman v. King,* 36 Iowa, 207; *Fogg v. Holcomb,* 64 Iowa, 621; *Kibby v. Harsh,* 61 Iowa, 196. The defendants nowhere pleaded the purchase for value, and without notice, either by their grantor or by themselves. Indeed, their answer admits in substance actual knowledge of the mortgage on their part, and a reliance upon a release thereof of record, which is clearly proven to be a forgery. Their knowledge would make no difference, probably, if Young, their grantor, was shown to have been a purchaser as the statute defines; and it is true there is testimony in the record tending to show that he was such, but it went in under objection, and was not material under any issue presented by the answer. It is a rule too

familiar to require authority in its support that cases must be tried upon the issues made by the pleading, and that he who does not aver cannot prove. As the case stands, we have a mortgage valid as between the mortgagors and the mortgagee, without proper proof that the subsequent purchase was without notice, and for a valuable consideration. Such being the case, the plaintiff is entitled to the foreclosure of his mortgage, with a judgment *in rem* for the amount due on the bond.

The decree is REVERSED.