WOOLF ZACHARIA, Appellee, v. M. C. COHEN COMPANY, Appellant.

**Conditional sales:** EXECUTION: SUBSEQUENT PURCHASERS: NOTICE. A contract of conditional sale, executed only by the seller, is valid as between the parties and subsequent purchasers with actual notice; and if acknowledged and recorded as such its validity cannot be successfully assailed by a subsequent purchaser or incumbrancer, except upon pleading and proof that he became such without notice.

**Same:** EVIDENCE. A subsequent incumbrancer of property is charged with notice of the rights of existing creditors when informed of facts sufficient to put him on inquiry with respect thereto. In the instant case plaintiff is held to have taken his mortgage charged

with notice of defendants rights under his conditional bill of sale of the property.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

THURSDAY, JANUARY 14, 1909.

ACTION for conversion of property upon which plaintiff claimed a lien. The defendant set up an alleged prior lien on the same property. The case was transferred to the equity side of the docket, and tried to the court. Judgment and decree for plaintiff for $65. Defendant appeals. —*Reversed.*

*Dale & Harvison,* for appellant.

*J. K. Macomber,* for appellee.

EVANS, C. J.—On June 10, 1905, the defendant delivered to one Mrs. Walton certain furniture under a conditional sale, which was evidenced by writing duly executed by the defendant as provided by section 2905 of the Code. The instrument was on the same day acknowledged by the defendant as vendor, and filed for record and recorded in the proper records of Polk County. On August 18, 1905, the defendant delivered to the same person certain other furniture, in pursuance also of a conditional sale evidenced in writing, and acknowledged and recorded in the same manner as the previous one. The property so delivered to Mrs. Walton was to be kept by her at 214 East Fourth Street, Des Moines, Iowa. On September 5, 1905, the plaintiff loaned to Mrs. Walton the sum of $300, for which she gave him her note for $350, secured by a mortgage upon all her furniture located at 304-306 East Court Avenue, Des Moines, Iowa. On April 5, 1906, the de-

fendant took possession of some of the furniture included within its bill of conditional sale, and in pursuance of the terms of the instrument.

It is the contention of the plaintiff that the property taken by the defendant was property included in his mortgage. The evidence is very indefinite on this question. The property included in plaintiff's mortgage is described as being located at 304-306 East Court Avenue. At the time such mortgage was made the property taken by the defendant was actually situated at 214 East Fourth Street, but it was removed the next day to the other address. Mrs. Walton did have other furniture at 304-306 East Court Avenue on the day that the plaintiff's mortgage was made. The specific description in plaintiff's mortgage is not such as would of itself identify the property as being the same furniture that Mrs. Walton had at 214 East Fourth Street. But plaintiff's mortgage purported to cover all of Mrs. Walton's furniture, and it appears that at the time the mortgage was made the removal of the furniture was in contemplation. It is the contention of the plaintiff that his mortgage was intended to cover all of the furniture in her possession. He contends that the written instrument under which the defendant claims is wholly invalid, because it was not properly acknowledged, and therefore not legally recorded.

The defendant, M. C. Cohen Co., is a corporation. The signature of the corporation was attached in proper form by M. C. Cohen, and was acknowledged on behalf of the corporation by M. C. Cohen, who was the secretary and general manager of the company. His official character, however, was not made to appear in the acknowledgment, and this constitutes the principal defect for which the plaintiff contends. The instrument was in fact recorded and properly indexed under the name of Cohen Company as vendor, and Walton as vendee. Plaintiff contends that,

1. CONDITIONAL SALES: execution: subsequent purchasers: notice.

before the recording of such instrument could impart constructive notice, it should have been indexed under the name of Walton as mortgagor, and under the name of Cohen Company as mortgagee. The instrument was properly signed by the vendor, rather than by the vendee. *National Cash Register Company v. Schwab,* 111 Iowa, 605; *Cash Register Company v. Zangs,* 127 Iowa, 713.

Whether the acknowledgment or mode of indexing was defective, we need not now inquire. The instrument was a valid instrument as between the parties thereto, even though it had neither been acknowledged nor recorded. Under section 2905 such instrument, unrecorded, is regarded as invalid only as against a creditor or purchaser from the vendee without notice. Before the plaintiff could be heard to question the validity of such instrument, it was incumbent upon him to show not only that he was the mortgagee of the same property, but that he became such "without notice" of the conditional sale. The burden was upon him both to plead such fact and to prove it. *Diemer v. Guernsey,* 112 Iowa, 393; *Blackman v. Henderson,* 116 Iowa, 578. He refrained from pleading such fact, and offered no testimony in relation thereto. He did plead that he received no notice of defendant's alleged foreclosure, but there is no averment in his pleading that at the time he took his mortgage he had no notice of defendant's rights under his contract of conditional sale. The charge of his original petition was that defendant took the property without any legal right, and that he "stole" the same. He coupled this averment, however, with the further averment "that the plaintiff has been informed and believes that the defendant seized the said property by virtue of some alleged claim of mortgage on said property. But plaintiff avers that no notice of any alleged mortgage was given to the plaintiff; that no publication of notice of any kind was made as provided by law; that no notice of any foreclosure was served on the plaintiff;

that the said seizure was wholly unlawful, and in violation of the plaintiff's rights." A very liberal construction might permit us to consider one of the foregoing allegations as an allegation of want of notice of defendant's rights at the time plaintiff took his mortgage. But upon a consideration of plaintiff's pleadings as a whole, we are satisfied that all that was intended to be alleged here was that the defendant's foreclosure of his alleged mortgage was without notice. This construction is emphasized by the fact that after defendant filed its answer, wherein it set up its written instrument of conditional sale, the plaintiff filed an amendment to his petition in two counts, which was substantially a substituted petition covering the whole ground of his previous pleading. The question of notice is dealt with in the fourth paragraph of the second count of such amendment as follows: "That the plaintiff is informed and believes that the defendants make some claim of a lien against said property, but the plaintiff avers that no notice of any kind was served on him of the foreclosure of said mortgage; that the plaintiff is a resident of Des Moines, and was not served with a notice of any kind or in any manner of the foreclosure of said mortgage; that the said seizure was unlawful, and against the rights of the plaintiff herein." He later filed a reply to defendant's answer and cross-bill, which was a general and specific denial that any contract of conditional sale covering such property was ever executed, acknowledged, or recorded.

Turning to the evidence, Mrs. Walton was a witness on behalf of the plaintiff. On cross-examination she testified as follows: "Before he took his mortgage he was to

2. SAME: evidence.

my house on Fourth Street, and I told him the furniture in there, I had bought it of Cohen and I had not paid for it; it was not mine yet. I showed him the receipt for what I had paid Cohen on the property, and there was a balance due him. He did not ask me whether or not I had given any mortgage on

it to Cohen, or anything of that kind." The plaintiff was a witness in his own behalf, but he did not deny this testimony on the part of Mrs. Walton. On the subject of notice the following is his testimony: "I never had any notice of any foreclosure or anything of that kind. I have been in the furniture business, but my business now is loaning money on furniture and everything. Cohen came to see me and told me he was going to take the goods a few days before he took them. He said his mortgage is first; that he had the first lease." He also testified that Cohen tendered him the privilege of redemption from his bill of sale before taking the property.

In view, therefore, of the state of the pleadings and testimony, we are satisfied that the plaintiff has not shown himself to be without notice, but, on the contrary, that he had notice of the defendant's right to the furniture in question. Notice of facts sufficient to put him upon inquiry is all that is required under the law of this State. We are satisfied that the plaintiff obtained all the information from Mrs. Walton that he cared for, and perhaps more than he wished. It is apparent from all the testimony in this record that she was not a person of means or credit. The plaintiff had himself been in the furniture business before he had launched into the business of "loaning money on furniture." We find it a very natural inference arising from the circumstances appearing in this case that the plaintiff did not believe that Cohen Company had sold this furniture to Mrs. Walton on time except by a conditional sale. So straitened were her circumstances, to the knowledge of the plaintiff, that for the purpose of obtaining a loan of $300 from him she not only executed a note and mortgage for $350, but yielded to a further exaction that she should pay him interest at the rate of $30 per month for such loan. She actually made such interest payments for eight successive months, according to her testimony. In addition to such interest payments,

she paid $50, which was the only credit actually applied upon the note. Her actual payments on this transaction were $290, and she still owes $310 of principal. Concerning these monthly payments the plaintiff testified: "I have no book account of the payments she made from month to month. We never kept a record of that."

We mention these facts in this connection to show that the plaintiff was a man of sufficient financial acumen to comprehend readily the probable right of Cohen Company from the information received by him from Mrs. Walton. The depravity of such a transaction is indeed appalling, but we are not able to deal with it as such in this case. It presents a subject for legislative consideration.

We find that the instruments under which Cohen Company took the property were valid as between it and Mrs. Walton, and that the plaintiff had sufficient notice of them to put him upon inquiry. In any event, he has neither pleaded nor proved that he took his mortgage without notice. His lien is therefore inferior to that of Cohen Company. Granted that he had a right of redemption, and, perhaps, to a notice of foreclosure, either actual or constructive, Cohen tendered him the right of redemption and he refused it. He has offered no redemption in his pleadings, and is entitled to nothing in this case.

The court below erred in awarding him a judgment, and its decree must be reversed. Decree is ordered dismissing his petition.—*Reversed.*