LORANZ & COMPANY, Appellant, v. M. O. SMITH et al., Appellees.

CHATTEL MORTGAGES: Subsequent Purchaser—Burden of Proof. A mortgagee in an action for the conversion of the mortgaged chattels need only allege the *existence* of his unsatisfied mortgage. The defendant must allege and prove, not only (1) that he is a subsequent purchaser, but (2) that he became such purchaser without notice of the plaintiff's mortgage.

Headnote 1: 11 C. J. p. 636.

*Appeal from Audubon District Court.*—TOM C. WHITMORE, Judge.

JULY 1, 1927.

Action for damages for the conversion of an automobile upon which the plaintiff held a mortgage. The defendant Smith was a constable. His codefendants were signers of an indemnifying bond given for the protection of the principal defendant. The defendants filed a demurrer to the petition, which was sustained. The plaintiff elected to stand upon his pleading, and judgment was entered against him, dismissing his petition. The plaintiff has appealed.—*Reversed.*

*Charles S. White,* for appellant.

*T. M. Rasmussen,* for appellees.

EVANS, C. J.—The allegations of the petition disclosed that the plaintiff had a valid mortgage upon an automobile, executed by the owner thereof, one Julius Wolfe. The petition also disclosed that the defendant Smith, purporting to be a constable, had levied upon such automobile an execution against Julius Wolfe, and in favor of the defendant P. M. Christensen. After the levy, the plaintiff gave appropriate notice to the defendant Smith, as required by statute. Smith, having been indemnified by his codefendants, proceeded under his levy, and sold the property. The defendants' demurrer was predicated upon two grounds: (1) That the petition did not aver that the mortgage had ever been recorded; (2) that it did not aver any notice to the defendants.

The question presented involves a construction of Section 10015, Code of 1924 (Section 2906, Code of 1897). It is as follows:

"10015. No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and such instrument, or a duplicate thereof, is duly recorded, or filed and deposited with the recorder of the county where the property shall then be situated, or if the mortgagor be a resident of this state, then of the county where the holder of the property resides."

In the absence of the foregoing section, the plaintiff's mortgage, being valid as against the mortgagor, would have been valid as against all others, regardless of the question of recording or of notice. The effect of the statute is to render the mortgage, if unrecorded, invalid as to "existing creditors or subsequent purchasers, without notice."

Is the technical burden of proof upon the plaintiff, as mortgagee, to allege and prove that the defendant was *not* an "existing creditor or subsequent purchaser, without notice;" or is it upon the defendant to allege and prove that he *was* an "existing creditor or subsequent purchaser, without notice?" Each party herein contends that the burden is upon the other.

The plaintiff, as appellant, relies for authority upon the following of our previous decisions: *Diemer v. Guernsey*, 112

Iowa 393; *Zacharia v. Cohen Co.*, 140 Iowa 682; *Bartlett v. Bolte*, 193 Iowa 1063.

On the other hand, the appellees rely upon the following of our previous decisions as authority for their contention: *Carson & Rand Lbr. Co. v. Bunker*, 83 Iowa 751; *State Bank of Dayton v. Felt*, 99 Iowa 532; *Martin Bros. & Co. v. Lesan*, 129 Iowa 573.

It is rather a surprise to us to discover that, in all the history of this court, no direct issue upon this particular question has ever before been presented to us for decision, although the question itself is one which has been involved, directly or indirectly, in scores of cases litigated before us. The earliest case cited by counsel is *Carson & Rand Lbr. Co. v. Bunker*, 83 Iowa 751, cited by appellee. In that case, the contest was between two mortgagees. The mortgage of the appellant (defendant) was first executed, but last recorded. After the execution of the mortgage, and before its recording, the appellee (plaintiff) took and recorded his mortgage. The appellant (defendant) averred that the appellee (plaintiff) had notice of his prior mortgage, when he took his own. The court said:

"But the appellant contends that the plaintiff had notice, when the mortgage to it was executed, that the property had before that been mortgaged to Bunker. The burden was on the defendant Bunker to establish this alleged fact by a preponderance of evidence. The court below was of the opinion that the defendant failed to maintain the issue. We have carefully examined the evidence, and reach the same conclusion."

It will be noted that in that case the defendant assumed the burden on the issue, and no dispute was presented as to where the burden of proof was. The declaration of the court was quite incidental, and in accord with the attitude of the parties.

In *State Bank of Dayton v. Felt*, 99 Iowa 532, cited by appellee, the plaintiff (appellant) was a purported mortgagee of certain horses and cattle, and brought replevin therefor. The answer was a general denial, and a challenge to the sufficiency of the description contained in plaintiff's mortgage to impart notice by recording. The district court sustained this challenge, and refused to admit the mortgage in evidence. This court said:

"The answer contains a denial, and an express statement that the description was insufficient to impart notice. The court, when the mortgage was offered in evidence by plaintiff, so held,

and refused to permit it in evidence. *That ended appellant's case.* Its right of recovery depended on its mortgage being such as to impart notice. If it relied on actual notice to defendant, it must allege and prove it."

The reliance of appellee is upon the last sentence above quoted. What we have said above concerning the opinion in the *Carson* case is likewise applicable here. This pronouncement by the court did not purport to be responsive to any issue in the case.

The next case in order of time is *Diemer v. Guernsey,* 112 Iowa 393, cited by appellant. In that case, plaintiff brought a suit in equity, to foreclose a chattel mortgage. From a decree dismissing his petition he appealed. Certain subsequent mortgagees were made parties-defendant, and the question of priority was involved. The defendants (appellees) claimed priority over the plaintiff's mortgage, because of his failure to record the same, and they prevailed. The court said:

"The burden is upon appellees to show that they took their mortgages without notice of the existence of appellants' mortgage, and this they have failed to do; but on the contrary, it appears quite satisfactorily that the plaintiff and Olney & McDaid did have actual notice of its existence. The testimony of Mr. Johnson and of Mr. Duncan is quite conclusive as to plaintiff's knowledge, and other evidence leaves no doubt but that Olney & McDaid also knew of it before they took their mortgage."

The foregoing was responsive to the issues, but it does not appear that there was any dispute between the parties as to where the burden of proof lay.

The next case in point of time, cited by appellee, is *Martin Bros. & Co. v. Lesan,* 129 Iowa 573. In that case, plaintiff claimed the right to possession of certain cattle under a chattel mortgage, and brought replevin therefor. It was held here definitely that he had failed to identify the cattle, and that his case was properly dismissed on that ground. On the question of notice, however, we said:

"Even conceding *arguendo* that there was a sale to Edie, there was no such change of possession as to give third persons dealing with the cattle notice thereof. Intervener took the mortgage under which it now claims for a valuable consideration,—

extension of time for the payment of Lesan & Dunning's debt, if nothing else,—without notice of the claimed sale to Edie and without any actual notice of plaintiff's mortgage. * *. * Plaintiff says, however, that intervener had actual notice of its mortgage when it took its security, and it introduced testimony to establish its claim. It failed, however, to produce enough to overcome the denials made by intervener. Under Section 2906 of the Code, the burden was upon plaintiff to show actual notice, and this it did not do."

. So far as appears, plaintiff was asserting notice and assuming proof thereof, and no question. of law was raised therein as to where such burden of proof properly lay.

In *Zacharia v. Cohen Co.*, 140 Iowa 682, cited by appellant, there was a controversy between plaintiff, as mortgagee, and the defendant, as alleged owner under a conditional bill of sale. In that case the statute pertaining to conditional sales was involved. Section 10016, Code of 1924 (Section 2905, Code of 1897). The plaintiff prevailed below on the ground that the conditional bill of sale was not properly recorded, and therefore did not impart constructive notice. We said:

"Whether the acknowledgment or mode of indexing was defective, we need not now inquire. The instrument was a valid instrument, as between the parties thereto, even though it had neither been acknowledged nor recorded. Under Section 2905, such . instrument, unrecorded, is regarded as invalid only as against a creditor or purchaser from the vendee without notice. Before the plaintiff could be heard to question the validity of such instrument, it was incumbent upon him to show not only that he was the mortgagee of the same property, but that he became such 'without notice' of the conditional, sale. The burden was upon him both to plead such fact and to prove it. *Diemer v.. Guernsey*, 112 Iowa 393; *Blackman v. Henderson*, 116; Iowa 578."

The foregoing holding was decisive in that case. The case of *Blackman v. Henderson*, 116 Iowa 578, cited therein, involved real estate, and involved a construction of the statute pertaining to the recording of real estate instruments.

*Bartlett v. Bolte*, 193 Iowa 1063. In this case the plaintiff brought his action to foreclose a chattel mortgage, and named as defendants certain alleged subsequent purchasers of the prop-

erty. The defendants challenged the validity of the mortgage, and the question of notice became thereby involved. The defendants also pleaded a waiver of the lien by the mortgagee. The plaintiff prevailed, and the defendants appealed. We said:

"The burden was upon appellants on this issue (*Bensen & Marxer v. Reger,* 186 Iowa 19), and that they bought the property without notice of plaintiff's mortgage (*Diemer v. Guernsey,* 112 Iowa 393)."

Some other cases may be considered. In *Barrett v. Fisch,* 76 Iowa 553, the defendant set up a mortgage in defense to plaintiff's claim in replevin of a horse. The mortgage had been executed by the then owner of a horse at a time prior to the purchase of such horse by the plaintiff from such mortgagor. The defendant averred the recording of his mortgage, and charged the same as notice to the plaintiff. On the trial, the district court held that the mortgage was defective in description, and that its recording imparted no notice. On appeal here by the defendant, as appellant, he contended that the burden was upon the plaintiff to prove that he did not have notice of the mortgage at the time of his purchase of the property. In response to that contention, we said:

"The case was tried, however, upon the theory that defendant's right depended upon whether the record of the mortgage imparted constructive notice. He alleged that his mortgage was duly recorded before plaintiff's purchase; thus clearly indicating that he relied upon the record as notice of his interest. We think the court below was correct in the view that no issue as to actual notice was presented by the pleadings."

In *Waterhouse v. Black,* 87 Iowa 317, the plaintiff, as mortgagee, brought a suit to replevin the mortgaged property. He set forth his mortgage, and averred that it had been duly recorded. He did not allege actual notice to the defendant. It appeared upon the trial, however, that the acknowledgment was defective, and that the recording of the mortgage did not impart constructive notice. The defendant had pleaded in his answer that he had neither actual nor constructive notice. On that question, we said:

"The acknowledgment was not, however, essential to its validity; and it was effective, as between the parties to it, and as against all parties having notice of it. *Morse v. Beale,* 68 Iowa

467; *Lake v. Gray*, 30 Iowa 416; *Jones v. Berkshire*, 15 Iowa 249. There was evidence which tended to show that Bell notified the defendant of the mortgage before the levies in question were made. The petition alleged that the mortgage was duly recorded, and did not charge that the defendant had actual notice of it when the levies were made. The answer alleged that the defendant did not have either actual or constructive notice of it when he made the levies, and that allegation was not denied by a reply. A reply was not necessary, however, as a denial was made by the law. The petition showed clearly that the plaintiff's right of recovery was founded on the mortgage. The defendant presented the question of notice by the affirmative allegations of his answer. Under these circumstances, there was no error in admitting the mortgage in evidence on the proof of actual notice of its existence given to the defendant before the levies were made.''

In *Orr v. Kenworthy*, 143 Iowa 6, we said:

''But to entitle a creditor to protection under this statute, it must appear that he acquired a lien by attachment or execution levy or otherwise without notice of the sale or transfer. *Murphy v. Murphy*, 126 Iowa 57.''

In *Murphy v. Murphy & Co.*, 126 Iowa 57 (page 64), we said:

''In this state an unrecorded chattel mortgage is valid save as against subsequent purchasers and existing creditors, without notice. Code, Section 2906. A creditor, existing as such at the time of the execution of the mortgage, must obtain a lien, as by attachment or otherwise, upon the mortgaged property, before notice, actual or constructive, of the mortgage, that he may avail himself of the benefit of the statute.''

In Volume 1 of the official Annotations to the Code, under Section 10015, No. 63, many cases are cited to the following proposition:

''To entitle a creditor to protection against an unrecorded sale or mortgage, it must appear that he acquired a lien by attachment or execution levy, or otherwise, without actual or constructive notice of such sale or mortgage.''

We will not pursue an examination or discussion of these several cases. Some of them are not closely in point. It will be seen from the foregoing that the consideration which we have

heretofore given the question now before us has usually been quite incidental, and our pronouncement has been usually conformable to the state of the pleadings in the particular case. Our pronouncement in the cases of *Diemer v. Guernsey,* 112 Iowa 393, and *Zacharia v. Cohen Co.,* 140 Iowa 682, is more nearly decisive of the actual point presented herein than any of the other cases cited. It devolves upon us now to meet the issue presented, and to determine definitely where the technical burden of pleading and proof lies.

The statutory section in question is in the nature of an exception. Without such section, an unrecorded mortgage would be as valid as a recorded one, as against all persons. It is so notwithstanding the statute, except as to "existing creditors or subsequent purchasers without notice." No one can challenge the validity of a mortgage for want of record, except the persons herein described. Where a purported subsequent purchaser asserts his right to mortgaged property, as against the mortgagee, it must appear, by allegation and proof, from one side or the other, that he was in fact a subsequent purchaser. Is the burden upon the mortgagee in the first instance to allege, and afterwards to prove, that the claimant is *not* a subsequent purchaser? Or is the burden to the contrary, upon the claimant himself? We think in such case that the claimant himself must allege such a status as brings him within the favor of the statute. If he allege and prove that he is a subsequent purchaser, may he rest at that point, and ignore the question of notice? The mere fact that he is a subsequent purchaser is not enough to give him a standing under the statute. He must be such "subsequent purchaser *without notice.*" If he is under the burden of alleging and proving his status in part, is he not under the same burden to allege and prove it completely? We can see no fair reason for saying that the burden is upon the claimant to prove that he is a subsequent purchaser, and yet upon the mortgagee to prove that he was not such "purchaser *without notice.*" The question at this point is very narrow and essentially technical, and takes no account of a possible shifting of the burden in the progress of the evidence. The issue of fact thus tendered is one peculiarly within the knowledge of the claimant. He is permitted to meet his burden with his own evidence. He may rest upon it, if he so chooses. There is a sense in which the burden of overcoming his

evidence shifts to the mortgagee. That, however, presents a question only of weight of evidence. It has no effect upon the burden of allegation in the pleading. The burden of *allegation* never shifts; nor, therefore, does the burden of *proof* ever shift. The only legal requirement upon the "subsequent purchaser" is to make a prima-facie case. When he has done so, the mortgagee may combat it. Ordinarily, only affirmative evidence will avail him on the question of notice. In the progress of the evidence, the call to go forward often passes from one litigant to the other; but the call is for the weight of evidence. The contest is before the jury, where credibility is always a weight in the balances. We hold, therefore, that the burden of allegation is upon the "subsequent purchaser," and not upon the mortgagee.

The contrary argument is that the statute implies an obligation on the mortgagee to give notice of his mortgage. Such statute has provided a method of notice by public record. The recording is deemed a complete notice to everybody. Nevertheless, notice to *everybody* is not essential to the validity of a mortgage. If its recording fails, it is still valid, except as to the persons described in the statute. These must disclose themselves as such, in order to challenge the validity of the mortgage. The mortgagee is not bound to challenge, by pleading, the validity of his own mortgage, nor to anticipate a challenge thereto by his adversary. Practical considerations often invite the mortgagee, in litigation, to plead his recording, and thereby to plead notice. He may thereby be deemed to tender the issue to his adversary, who may accept the same by a general denial. This means only that the mortgagee has thereby voluntarily assumed the burden, and has thereby offered a theory of the case of which he may not later complain. He has not thereby changed the law.

In the case at bar, the pleading of the mortgagee set up his mortgage. It contained no allegation on the question of notice. The demurrer was predicated upon such want of allegation as to notice. We hold that it was not demurrable upon such ground.

The order of the court sustaining the demurrer and dismissing the petition is, accordingly, reversed.—*Reversed.*

DE GRAFF, MORLING, and KINDIG, JJ., concur.