## STURGEON v. HOCK.

1. **Contract:** INSTRUCTION: DAMAGES. Where damages are asked for the breach of a contract stipulating for performance at a certain fixed time, it is error to instruct the jury to find damages if the conditions were not performed in a *reasonable* time.

*Appeal from Fremont Circuit Court.*

SATURDAY, APRIL 22.

ACTION at law. The petition alleges that plaintiff sold to one Dodson the stock pasture upon the farm cultivated by him in the year 1871, and Dodson sold it to defendant. The contract under which it was sold required defendant to herd his cattle when turned into the field, so that they would not destroy the corn not gathered. Other allegations of the petition as to the terms of the sale need not be stated, as they are not involved in the point ruled in the opinion. The petition alleges that defendant did not herd his cattle when pasturing the field, etc., whereby defendant sustained loss and injury.

The answer denies the allegations of the petition and sets up a counter claim for the violation of the agreement of defendant to remove his corn by the first of January, 1872, which was the inducement for the purchase of the pasture. It is alleged that plaintiff failed to remove his corn at the time agreed upon and defendant was thereby deprived of the use of the pasture. He seeks to recover, as a counter claim, the damages sustained by him on account of the breach of the agreement of plaintiff, as set up in the answer.

There was a verdict and judgment for plaintiff; defendant appeals.

*Stow & Hammond*, for appellant.

*Anderson & Eaton*, for appellee.

BECK, J.—I. The defendant, as applicable to the case made by the counter claim, asked the court to direct the jury that 1. CONTRACT: if no time was agreed upon when plaintiff was to instruction: damages. remove his corn from the field, the law would require it to be done in a reasonable time, and if any damages resulted from the failure of plaintiff to remove it within a reasonable time, defendant was entitled to recover, upon his counter claim, the amount thereof. The instruction was properly refused for the obvious reason that it contemplates a contract not set up in the counter claim of the defendant upon which he seeks to recover. The contract pleaded required the plaintiff to perform it at a fixed time; that contemplated in the instruction required performance in a reasonable time and was not the contract sued upon. A party can recover upon no other contract than the one he sets up in his pleadings. The instruction was not, therefore, applicable to the case made by the pleadings and which was before the court for determination. It was for this reason properly refused.

II. It is urged that the verdict is in conflict with the evidence and defendant's motion for a new trial based upon that ground was erroneously overruled. We think the verdict is sufficiently supported. About all that can be said upon this point is that there was conflict in the proof. We cannot even

say that the verdict was not in accord with the preponderance of the evidence; we cannot therefore disturb it.

No other questions are presented in the case for our determination. The judgment of the Circuit Court is

AFFIRMED.