## JANE JONES ET AL. *v.* MARY A. PORTER.

1. **MARRIED WOMAN.** *Separate estate. Incumbrance. Joinder of husband.*
A deed of trust on land executed by a married woman in 1877 to secure a merchant for advancing plantation supplies, is void unless her husband joins in it, although he is absent from the State when it is given.

2. **SAME.** *Acknowledgment. Interested officer.*
If the married woman subsequently acknowledges before the merchant a deed to his wife of the land in satisfaction of the trust deed, it is void, although he is a magistrate.

3. **CHANCERY DECREE.** *Cancellation of deeds. Entry on deed records.*
A decree cancelling a deed and a trust deed on a bill filed for this purpose in the Chancery Court of the county where the land lies, may direct the clerk of the court to enter the fact on the margin of the deed books where these instruments are recorded.

APPEAL from the Chancery Court of Claiborne County.

Hon. H. S. Van EATON, Chancellor.

This bill was filed, on July 5, 1880, by Mary A. Porter, against her own husband, H. B. Porter, and Jane Jones, and the latter's husband, D. A. Jones, to cancel a deed in trust, on land in Claiborne County, executed April 30, 1877, by the complainant, to secure D. A. Jones, a merchant, for advancing her supplies to cultivate the land, and a deed of the same land to Jane Jones, dated March 3, 1878, and signed by the complainant, upon the allegations that the trust deed was given by her alone in the absence of her husband, who was in Louisiana, and that the deed was acknowledged under duress before the beneficiary in the trust deed, who had confederated with H. B. Porter to defraud the complainant. The defendants answered; and, at final hearing, the statements of the bill being proved, the Chancellor decreed the cancellation of the instruments and directed the clerk of the court to enter the fact upon the margin of the pages of the deed records of Claiborne County, where they were recorded. From this decree Jane Jones and her husband appealed.

*Stephen Thrasher,* for the appellants, argued orally and in writing.

1. The Chancellor had no power to order the clerk to mutilate the deed records. If recognized, this would lead to inextricable confusion. Only when satisfied can a mortgage be so marked. Code 1880, § 1206. No court can reach these public records of titles except by *subpœna duces tecum.* Code 1880, § 1228. A public officer is the custodian of these books, which are carefully guarded by law. Code 1880, §§ 1223–1225. To alter them is a penal offence. Code 1880, § 2703. And interlineations, even by consent, confer no rights. *Collins* v. *Collins,* 51 Miss. 311. The moment Mary A. Porter and her husband signed the deed, D. A. Jones ceased to be an interested party, and was a competent officer to take the acknowledgment. The case does not come within the rule of *Wasson* v. *Connor,* 54 Miss. 351, where the officer taking the acknowledgment was a beneficiary in the deed of trust. In that case the court says that it is a quasi-judicial act, and he cannot be a judge in his own case. If this doctrine is applicable to a case like the present one, then an officer cannot take an acknowledgment where any of his relatives are interested parties. D. A. Jones had the right to pay the consideration, and to give the benefit to his wife by having the deed made to her. *Campbell* v. *Henry,* 45 Miss. 326. The acknowledgment was only necessary to have the deed put upon record. *Sessions* v. *Reynolds,* 7 S. & M. 130.

*A. J. Lewis,* on the same side.

1. The consideration for the deed was valuable and sufficient, and the fraud and duress alleged are not proved. Plantation supplies were a charge upon the land under the statute, even if the trust deed was invalid. And the appellee had the right to volunteer what she was legally bound to do. The deed to the property, purchased with money furnished by the husband, was not in fraud of his creditors and vested a good title in his wife. *Fatheree* v. *Fletcher,* 31 Miss. 265 ; *Warren* v. *Brown,* 25 Miss. 66. The character of the consideration does not alter the case. *Jackson* v. *Pike,* 9 Cowen, 69. The suit of Mary A. Porter, commenced more than two years after the execution of her deed, was an afterthought.

2. Had D. A. Jones taken the deed to himself, and then assigned it to his wife, his attitude would be different. In that case he would be the grantee, and his interest such as to disqualify him. But Mrs. Jones is the grantee, and, under the statute, had the use and control of the property granted. Code 1871, §§ 1778, 1779, 1780. At common law the husband and wife were dealt with as one person; but our courts of equity, in cases where they have separate property interests, regard them as distinct, and there may be direct pecuniary dealings between them. *Simmons* v. *Thomas*, 43 Miss. 31. D. A. Jones did all that could be done to divest himself of interest in the consideration and the land, and was as much a stranger to this conveyance as any other justice of the peace. The case of *Wasson* v. *Connor*, 54 Miss. 351, is not in point.

*Marlin & McLaurin*, for the appellee.

1. D. A. Jones, by taking the acknowledgment, acted as a judge in his own case, and this act was invalid. *Wasson* v. *Connor*, 54 Miss. 351. The acknowledgment of a married woman is an essential part of a conveyance of her real estate. *Allen* v. *Lenoir*, 53 Miss. 321; *Willis* v. *Gattman*, 53 Miss. 721; *Harmon* v. *Magee*, 57 Miss. 410. The reasoning of the appellants shows that they have fallen into an error as to the significance of the word "executed" as applied to conveyances of land. Executed at common law meant the signing, sealing, and delivering, — the formalities by which a deed becomes operative. 2 Black. Com. 295; 4 Kent Com. 450. A deed, under the Code of 1871, between privies, became operative when signed, sealed, and delivered, except as to married women, where the requisite of a prescribed acknowledgment before a competent officer was added, — hence the appellee could not have executed the deed of conveyance, as claimed at the time when the acknowledgment was taken. Though Jane Jones. was named as the grantee in the deed of conveyance of the lands, yet, as to the appellee, Jane Jones was only a volunteer and her husband was the real purchaser. *Campbell* v. *Henry*, 45 Miss. 326. The appellants contend that the acknowledgment was only necessary to have the deed put upon record. As to married women, under the Code of 1871, §§ 2287, 2315, the acknowledgment was not only ne-

cessary for that purpose, but was essential as a part of the deed, and stood as a warranty that the duress presumed on account of her coverture had not influenced her act in executing a conveyance of her real estate.

2. The other position of the appellants is not sustained by the statute cited. Code 1880, §§ 1223–1225. If a mortgagee may enter satisfaction, why may not the court? It is specially named as a part of the jurisdiction of the Chancery Court that it shall have power to remove clouds, doubts or suspicions from titles, and to cancel the conveyances or other evidence causing the same. Code 1880, § 1833. The argument used by the appellants' counsel is that the rights of some innocent third person might be injured by the cancellation. If this reasoning were good, it cannot avail them in this suit, since we have no occasion to deal in possibilities, as all persons interested, or who can claim any interest, in the lands, are parties. The case of *Collins* v. *Collins*, 51 Miss. 311, relating to the alteration of records, cited by the appellants, is not applicable.

*L. McLaurin,* on the same side, made an oral argument.

CAMPBELL, C. J., delivered the opinion of the court.

The deed of trust was void, because it was executed by the appellee without the joinder of her husband; and the absolute conveyance to Jane Jones was void, because the acknowledgment of the appellee was taken by the husband of the grantee, who was the procuring cause of its being made to her. *Wasson* v. *Connor*, 54 Miss. 351. The decree cancelling these deeds was correct.

The objection made by the appellants to that part of the decree which directs the clerk to enter the fact of cancellation on the margin of the record is unavailing to them. Such entry will in no way harm them, and may be very useful hereafter in pointing those who search the records, and see these deeds there, to an important part of their history, which might otherwise escape the observation of those interested to ascertain it. It is useful to the public, and harmless to the appellants, that such notation should be made on the record of the deeds.                                     *Decree affirmed.*