## MORGAN v. WILFLEY ET AL.

1. **School District**: POWER OF DIRECTORS TO REDISTRICT THE TOWN-SHIP. The board of directors of a district township have power, in the exercise of the discretion conferred by § 1796 of the Code, to redistrict the township at any time that they may see proper, and a party aggrieved may appeal to the county superintendent; (Code, § 1829;) but he cannot enjoin the board from exercising such power, on the ground that the township has only recently been redistricted, and that such recent redistricting has been approved, on appeal, by the county superintendent.

*Appeal from Page District Court.*

TUESDAY, DECEMBER 14.

ACTION in chancery to restrain and enjoin defendants, who are members of the board of directors of the district township of East River, in Page county, from redistricting the district township. A preliminary injunction was allowed, which defendants moved to dissolve. The motion was overruled. Defendants appeal.

*William Orr*, for appellants.

No appearance for appellee.

BECK, J.—I. The petition alleges that the defendants and himself constitute the board of directors of the district township of East River, in Page county. At the annual meeting of the board of directors held in September, 1884, before plaintiff was chosen director, the district township

was redistricted, creating another subdistrict called "No. 9." Upon appeal, this action was affirmed by the county superintendent. At a meeting of the board held in February, 1885, provision was made for supplying subdistrict No. 9 with a school-house. At the annual meeting of the electors of this subdistrict, plaintiff was chosen a subdirector for it. The new board was organized on the third Monday of March, 1885, and plaintiff was chosen secretary thereof. But, immediately before the new board was organized and the old board was dissolved, it reconsidered its action redistricting the township, and took no action again to redistrict it. Immediately upon the organization of the new board, action was had setting aside and nullifying the prior order of September, redistricting the township. From this action plaintiff appealed to the county superintendent, who reversed the later actions of the board, and affirmed the prior action redistricting the township. The board has since failed to provide a school-house for the new district No. 9, and an action of *mandamus* to compel such action is now pending. The petition shows that the new district, and a school-house erected therein, are demanded in the interest of himself and others, and the good of the children of the subdistrict. A motion by defendants to dissolve the preliminary injunction was overruled.

II. In our opinion, the motion should have been sustained. While the redistricting and the organization of the new district are to be regarded as valid, having been approved by the county superintendent, it cannot be held that the district board may not, in the exercise of its discretion, change the subdistricts, and dispense with the new districts, in a lawful manner, if, in the exercise of its legal discretion, the board finds it to the best interest of all parts of the district. The new district is not to be regarded as a permanent thing, which the board, or any subsequent board, cannot change for sufficient cause. The power to redistrict and change subdistricts is conferred upon the board by the statute,

and action in that direction, for sufficient cause, cannot be regarded as unauthorized. Code, § 1796. Such action may be reviewed upon appeal to the county superintendent. Code, § 1829. A change of the condition of the district, or the wants of the people, may demand a change in the subdistricts. The board of directors can not be so fettered by its prior action, or by legal proceedings, that it may not, at any time, for sufficient cause, redistrict the township, as in its best judgment may be demanded by the interest of all the children of the district. The action of the directors in this regard, if uncalled for, or oppressive to any one in the district, may be, on appeal to the county superintendent, controlled or set aside, in accord with the demands of the law based upon the facts of the case. We conclude that the defendants ought not to be enjoined from future action demanded in the proper discharge of their duties. They should be left free to act, in the exercise of their lawful discretion, subject to the control of the county superintendent.

In our opinion, the district court ought to have sustained the motion to dissolve the injunction.

REVERSED.