THOMAS SCHULTZ v. FORD BROTHERS, WM. E. FORD and ROBERT G. FORD, partners under the firm name and style of Ford Brothers, Appellants.

**Contract for sale of goods:** CONSTRUCTION. A contract to pay a
1 salesman a commission on his sales, will not, as a matter of law, be held to include commissions on a mere solicitation of sales from which a sale results after the expiration of the contract, but the meaning of the language as determined by the trade usage is for the jury.

**Judicial notice:** TRADE USAGE. The courts will not take judicial
2 notice of a trade usage unless general in respect to trade, territory and class.

**Evidence:** MOTION TO STRIKE. A motion to strike the entire testi-
3 mony of a witness when only a portion is incompetent should be overruled.

**Evidence:** EXCLUSION. It is error to exclude the evidence of a de-
4 fendant which tends to contradict that of the plaintiff with respect to a trade usage.

**Same.** A witness not shown to be familiar with the trade usage
5 of a particular business or the locality is not competent to testify with respect to the usage.

**Contract service:** RECOVERY OF COMPENSATION: WAIVER. Plaintiff
6 agreed in his contract of service that defendant should retain
a part of his compensation as a guaranty for faithful perform-
ance. During the term of employment he purchased a like
business and was discharged. In his action for commissions
earned he included the amount so retained, and the question
of whether defendant had waived any right on account of
plaintiff's action being involved, his right to recover should
have been submitted to the jury.

**Appeal:** ARGUMENT: JURISDICTION: AMOUNT IN CONTROVERSY. An
7 argument will not ordinarily be stricken because not in strict
compliance with the rules; nor will a cross appeal be dis-
missed because involving less than $100, when the entire sum
on both appeals exceeds that amount.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN,
Judge.

THURSDAY, NOVEMBER 13, 1906.

REHEARING DENIED, THURSDAY, FEBRUARY 14, 1907.

SUIT at law to recover for services rendered under a
written contract of employment and for money alleged to
have been collected by the defendants for the use and benefit
of the plaintiff. Trial to a jury, and verdict and judgment
for the plaintiff. Both parties have appealed, but the de-
fendants will be herein designated as appellants.— *Reversed.*

*Chas. E. Bond, Thos. J. Guthrie,* and *Carr, Hewitt,
Parker & Wright,* for appellants.

*A. D. Pugh,* for appellee.

SHERWIN, J.— The defendants are manufacturers of
art glass, and in January, 1901, they entered into a written
general contract of employment with the plaintiff for one
year from the 1st day of February, 1901. Defendants were
to pay him $1,040 for the year's work, and in addition
thereto the contract provided for further conditional compen-

sation as follows: " In addition to the above salary it is agreed that if, during the time of the contract, the sales of the party of the second part shall amount to thirty thousand dollars ($30,000.00), then the party of the first part agrees to pay party of the second part an extra sum amounting to 1 per cent. on such sales. If the sales of the party of the second part shall exceed thirty thousand dollars ($30,000.00) for the term of this contract, then the party of the first part agrees to pay the party of the second part a commission of 2½ per cent. on all sales in excess of thirty thousand dollars ($30,000.00), in addition to the 1 per cent. payable on the sales up to thirty thousand dollars." The plaintiff alleges that by oral mutual agreement he began work under said written contract on or about January 16, 1901, and that between said date and the 1st day of February, 1902, he made sales, within the meaning of the contract, amounting in the aggregate to $34,401, on which sum he asks the commission provided for in the contract.

Some of the sales scheduled in the exhibit attached to the petition as having been made by the plaintiff under the contract were either solicited or made before the 1st day of February, 1901, and others were not closed nor actual sales made until after February 1, 1902. The largest item in the schedule will illustrate the latter condition. In April, 1901, the plaintiff visited San Francisco, Cal., in the interests of the defendants and there solicited the art glass work for the First Presbyterian Church. No negotiations were entered into with the church at that time, but the plaintiff advised the defendants of the situation, and thereafter one of the firm went to San Francisco and in person presented the claims of the defendants. A contract for the San Francisco job was finally made on the 1st day of April, 1902, amounting to $10,000. There are several items of the schedule where sales were made in practically the same way, and two or three items where the solicitation was made after the 1st

day of February, 1902.   The plaintiff contends that he is
entitled to commissions on all of such sales.

The trial court instructed, in substance, that the plain-
tiff was entitled to commissions on all orders solicited and
communicated to the defendants while he was working under
the contract, on which sales thereafter followed, if it ap-
peared that he was " the inducing cause which culminated
in the sales by the defendants "; and the jury was directed
that it would make no difference whether the sales and deliv-
ery of the goods in pursuance of such soliciting were after
the expiration of the contract.   The instruction following
was also given:   " If you further find from the evidence
that the plaintiff solicited orders from the various persons,
or some part thereof, referred to in his itemized statement,
and that such orders resulted in sales by the defendants, as
before stated in these instructions, and you further find that,
in addition to the original order so solicited by the plaintiff,
the purchaser giving such order made a further order for
additional glass windows for the same building, then the
plaintiff would be entitled to the credit for the sale of the
additional order so made."   The plaintiff pleaded " that,
according to general usage and custom among traveling sales-
men, commercial travelers," and those who employ such
representatives, the words " sales," " sell," and " sold " have
acquired a meaning that includes the soliciting of sales that
the employer is willing to accept, or which he does accept or
fill, and that said words in the contract in question were used
and intended in that sense by the parties, and that the de-
fendants had reason to suppose that the plaintiff understood
them in that sense, and none other, when the contract was
entered into.

The appellants complain of the instructions to which
we have referred, first, because they assume,
or decide as a matter of law, the existence of
custom and usage pleaded, when the question
should have been left to the jury; and, second, because

1. Contract for
sale of goods:
construction.

the effect of the instructions was to direct the jury to find against them for the amount of the commissions claimed. In answer to this the appellee contends that where a contract is in writing its construction is for the court, and that the present contract should be construed in harmony with the instructions given; that the court may take judicial notice of a general and notorious custom of the business world, and that the evidence of the trade usage as affecting the meaning of the words " sells," " sale," and " sold " was immaterial; or, if not, that there was no conflict in the evidence on that point, and that the question was still for the court and not for the jury. Where the intent and meaning of a written contract is plain and clear from an ordinary interpretation of the language used, the contract is, of course, to be construed by the court, but not otherwise. And, to authorize the courts to take judicial notice of a custom or usage, it must be general as to territory and not limited to a certain class. 29 Am. & Eng. Enc. of Law. 410. We are of the opinion that this contract, in the particulars mentioned, is not so clear and unambiguous as to warrant the construction contended for by the appellee. The business was of a peculiar character it is true; but we do not think that from its nature alone, as disclosed by the contract, it can be said as a matter of law that the mere solicitation of sales entitled the plaintiff to the commission sued for. Hence the meaning of the words used, as determined by the usage and custom of those engaged in the trade, was a question for the jury and not for the court. It is a general rule that where a certain thing is to be done by a certain day, time is of the essence of the contract. *Sturgeon v. Hock,* 43 Iowa, 155. And the most that can be said in favor of the appellee's claim is that the intent of the parties on this point is doubtful.

Nor do we agree with the appellee in his claim that the court should take judicial notice of the custom pleaded. It does not appear to have become so universal in respect to

trade, territory, and class as to bring it within the rule of the authorities. It is apparent, then, that the instructions were erroneous, unless, as the appellee claims, there was no conflict in the evidence touching the usage. There was evidence of such usage, and, under the ruling of the court excluding the defendant's evidence on the same subject, it was undisputed. So far, then, as the instructions under present consideration are concerned, we find no error.

*2. JUDICIAL NOTICE: trade usage.*

The appellants urge, however, that the plaintiff's evidence on the point should have been excluded on motion, and that it is insufficient in any event. Some of the answers on the subject were mere opinions and incompetent; but the motion to strike went to the entire testimony of the witness, and as some of it was clearly competent, the motion was properly overruled.

*3. EVIDENCE: motion to strike.*

The defendants attempted to prove by one of the defendants that there was no such custom in the business in question as was claimed by the plaintiff, and the testimony offered was rejected, and they were not even permitted to fully show the competency of the witness. There was prejudicial error in the rulings. The witness was asked questions which tended to contradict the evidence of the plaintiff on the subject, and he should have been permitted to answer.

*4. EVIDENCE: exclusion.*

We think there was no error in excluding the testimony of the witness Frantz. He was not shown to be familiar with the custom of the particular business, nor of the locality, and, unless it was made to appear to the court that the custom was universal as to both locality and business, he was not a competent witness.

*5. SAME.*

We shall not consider the other errors assigned in the brief of the appellants, because of their indefiniteness.

The parties hereto entered into a new contract for a year from the first day of February, 1902, and thereunder

the defendants were to keep a part of the plaintiff's salary as a guaranty that he would faithfully perform his contract.  He bought a similar business in Des Moines during the life of the contract, and was discharged by the defendants on account thereof, they at the time retaining $80 of his wages.  He sued for this amount, also, and after the evidence was all in the court directed that he was not entitled to recover it.  The defendants have not argued this branch of the case, although the plaintiff has filed a separate argument in support of his appeal.  We gather from that, without going to the abstract, that the question whether the defendants had waived any claim on account of the plaintiff's action, was involved, and, if that be true, the matter of the plaintiff's right to recover on that count of his petition should have been submitted to the jury.  The judgment must therefore be reversed on both appeals.

The appellee's motion to strike the appellant's argument is overruled.  The argument does not strictly comply with our rules, but we do not ordinarily strike an argument from the file on account thereof.  The appellants move to dismiss the appellee's appeal because the amount in controversy is less than $100.  The motion is overruled.  The entire amount of his claim is about $600, and that fixes the jurisdiction of this court.  *Tuthill v. Smith,* 90 Iowa, 331; *Brock v. Barr,* 70 Iowa, 339.

The judgment is *reversed.*

6. CONTRACT OF SERVICE: recovery of compensation: waiver.

7. APPEAL: argument: jurisdiction: amount in controversy.