H. H. BARTLETT, Appellee, v. MAUDE A. BOLTE et al., Appellees; MRS. LLOYD A. STUDER et al., Appellants.

ACKNOWLEDGMENT: Disqualification of Officer. Record reviewed, 1   and held insufficient to establish disqualification in the officer taking an acknowledgment.

MORTGAGES: Release—Evidence. Evidence reviewed, and held to 2   show that a mortgage was given as additional security, and not for the purpose of satisfying a prior mortgage securing the same debt.

*Appeal from Muscatine District Court.*—D. V. JACKSON, Judge.

JUNE 23, 1922.                    )

ACTION in equity, wherein plaintiff asks judgment against the Boltes and Swailes upon a note executed by the Boltes to Swailes, and by him indorsed to plaintiff. He also asks the foreclosure of a chattel mortgage given on certain automobiles to secure said note. The petition also asks that the claim or interest of appellants, as purchasers of the automobiles, be de-

creed to be inferior to plaintiff's lien, and that special execution issue, and that the machines be delivered up and sold. There was a decree for plaintiff, as prayed, and the parties named in the caption as appellants appeal.—*Affirmed.*

*Wolfe, Wolfe & Claussen,* for appellants.

*John F. Devitt, H. M. Bartlett,* and *Ralph P. Howell,* for appellee.

PRESTON, J.—1. The plaintiff, H. H. Bartlett, is the wife of H. M. Bartlett, who was acting for her in the transaction in question, and had power of attorney to loan money for her, etc. As said, plaintiff brought an ordinary action for judgment against the makers and indorsers of the note, and to foreclose the mortgage on two automobiles. Appellants answered separately, and stated, in substance, that Bolte was engaged in buying and selling Premier cars in June, 1920; that he purchased said cars for resale; that said cars constituted the entire stock of said Bolte; that all parties connected with the mortgage knew that said cars were purchased for resale; and that it was orally agreed that said cars should be sold, notwithstanding the terms of the mortgage. In addition, appellant Fannie D. Cossman states that Bickelhaupt purchased one of the cars from Joseph Bolte, and that she purchased it from Bickelhaupt, and is the absolute owner. Appellant Mrs. Studer alleges that Bickelhaupt purchased the other car, and that she is the owner by purchase from him. The contention of appellants is that plaintiff knew the circumstances; that Swailes also knew of the arrangement, and consented thereto; that the mortgage lien was waived; and that plaintiff is estopped from asserting her lien. The reply denies each affirmative allegation of the separate answers. The foregoing were the issues, and the only issues upon which evidence was introduced up to the time when both parties had rested. Thereafter, appellants filed an amendment to their answers, and stated that such amendment was so filed to meet the proof. But appellee urges that new issues were therein raised. This matter will be referred to later. The principal question in the case, and the one to which the evidence was largely directed, is one

of fact, whether plaintiff so waived her lien. The burden was upon appellants on this issue (*Bensen & Marxer v. Reger,* 186 Iowa 19), and that they bought the property without notice of plaintiff's mortgage (*Diemer v. Guernsey,* 112 Iowa 393). It appears that, in June, 1920, Joseph G. Bolte desired to borrow some $7,000 or $8,000 upon the two Premier cars in question. The automobiles were then on the cars in the city of Davenport, and consigned to Bolte. Bolte saw Mr. Bartlett a few days prior to June 17, 1920, in regard to securing a loan of that amount of money. Mr. Bartlett refused to loan that amount to Bolte upon the cars, because he did not think the security adequate, but informed Bolte that, if he could get a man who was responsible, to take the note and mortgage and assign the same and indorse the note, he would make the loan. Bolte secured W. H. Swailes, who was acceptable; and on June 17, 1920, Bolte and his wife executed a mortgage on the two cars to Swailes, and the same was then assigned to plaintiff. Plaintiff was present at the time of the execution of the note and mortgage and the assignment to her. The note and mortgage were for $7,525. Plaintiff paid Swailes by check the sum of $7,000. The check was indorsed by Swailes to Bolte. The balance was for discount, and for an item owed by Bolte. Plaintiff, her husband, W. H. Swailes, and Joseph and Maude Bolte were present when the note and mortgage were executed. The several parties having knowledge of the transaction testified in detail as to what was said and done, and there are other circumstances brought out by each, bearing upon the question of the alleged waiver. The mortgage itself provides:

"Both of the above cars are new, and are now standing on a freight car in the railroad yards at Davenport, Iowa, same to be unloaded and moved to and kept at the J. G. Bolte Tractor Co. salesroom, Davenport, Iowa. Said cars are to be kept at said place continuously, and not removed therefrom until this mortgage is paid; and we represent that the above cars are free from all incumbrances, and that this mortgage is given to permit mortgagors to obtain money with which to pay for said cars."

A later provision in the mortgage reads:

"And we agree, whenever the mortgagee or his assigns

shall choose so to do, it shall be lawful for him to take immediate possession of said cars wherever found, and to sell the same,'' etc.

Still another provision reads:

''Mortgagors agree not to remove the property from the place above stated, and agree to insure the cars,'' etc.

The trial court, having seen and heard the witnesses, found for plaintiff on this issue. We shall not set out the evidence. It is enough to say that we reach the same conclusion.

2.   As said, after both parties had rested, appellants asked leave to file an amendment to their answers, to make the allegations of the pleadings conform to the proofs. To this plaintiff objected on the following grounds: The amendment states new issues, issues that were not in the case when called for trial; for the further reason that it does not attempt to conform the pleadings to the proof, but sets up new and distinct defenses; for the further reason that the testimony upon which they claim to base their amendment was all properly objected to at the time, and cannot be considered by the court as the basis for their amendment, being based upon the testimony of Mr. Bartlett, upon cross-examination, and the entire cross-examination was objected to, and was improper and cannot be considered by the court in the determination of the case. Plaintiff has had no opportunity to meet any of the claims made by defendants in the proposed amendment, and for that reason it is wholly incompetent and immaterial; and she asks that permission to file said amendment be denied. In case the court should grant leave to so file, then the objections are renewed and made the basis of a motion to strike the same from the files, as fully as if set out in this motion, and the motion heretofore made is incorporated into and made a part of this motion to strike. The proposed amendment recites that leave to file the same was first had, but the record does not otherwise show that leave was granted. There was no ruling on the motion to strike. The court did not impose any terms as a condition for filing the amendment, by offering to reopen the case and permit plaintiff to be further heard, or otherwise. Code Section 3600. It is true that appellee did not

1. ACKNOWLEDG-
MENT: disquali-
fication of officer.

ask a continuance, or that the case be reopened, further than to state in the objections that she had no opportunity to meet the new claims. Appellee cites *Stewart v. Stewart*, 193 Iowa 307, to the proposition that an amendment setting up new and distinct causes of action is not allowable. Considering all these circumstances, it is somewhat doubtful whether appellants are entitled to review of the issues raised in the amendment, but we shall notice them briefly. The amendment sets up that the mortgage in question from Bolte and wife to Swailes was acknowledged by the Boltes before H. M. Bartlett, as notary public, and that, because H. M. Bartlett was the attorney in fact for plaintiff, with power to loan money and do other things for plaintiff, the acknowledgment was void, and the fact that it was placed upon record imparted no notice to appellants; and that they had no notice, either actual or constructive. It is alleged and contended by appellants that a part at least of the $525 before referred to went to H. M., the notary; that he had such an interest in the mortgage as to disqualify him. The record does not show that fact, or that any part of the mortgage was to go to H. M. Bartlett personally, rather than to the plaintiff. In a sense, his evidence might be construed as referring to it in a personal way, as he did in regard to the $7,000; but he was transacting the entire business for his wife. There is no claim that he had any interest in the $7,000. As we understand the record, the mortgage was prepared by H. M. Bartlett some days before June 17th, and there was an arrangement that the Boltes should secure somebody else to whom the mortgage was to be executed. At the time the mortgage was executed, it did not run to H. M. Bartlett's wife. It was executed to Swailes. The mortgage does not, on its face, show that H. M. Bartlett, or even his wife, then had any interest in the mortgage, nor is it claimed that the notary practiced any fraud upon his principal, the plaintiff herein. She was present at the time of its execution, acting for herself, or in connection with her husband, in the transaction. To sustain the contention at this point that the acknowledgment was invalid, and that the recording did not impart notice, appellant cites *Blackman v. Henderson*, 116 Iowa 578; *Wilson v. Traer & Co.*, 20 Iowa 231; *City Bank of Boone*

*v. Radlke,* 87 Iowa 363, 365; *Farmers' & M. Bank v. Stockdale,* 121 Iowa 748; Chapter 352, Acts of the Thirty-eighth General Assembly. Without reviewing all the cases cited, they are to the general effect that a partner in a firm, or an officer of a bank, who is interested as a stockholder, may not take an acknowledgment of an instrument running to the firm or bank. No cases are cited by appellee at this point. Her counsel concede that the cases cited announce a correct rule of law, but contend that the facts of this case do not bring it within the rule announced, because the notary was not in any way interested in the mortgage at the time he took the acknowledgment. There are cases holding that, where other relations exist than attorney in fact, such as a trustee, or a magistrate under contract to procure a deed, or the husband of a grantee taking an acknowledgment of a deed to his wife, given in satisfaction of a deed of trust held by the husband, and the like, these may not be acknowledged before a notary so interested. On this proposition, appellants cite *Bowden v. Parrish,* 86 Va. 67 (19 Am. St. 873); *Rothschild v. Daugher,* 85 Tex. 332 (34 Am. St. 811); *Withers v. Baird,* 7 Watts (Pa.) 227 (32 Am. Dec. 754); *Jones v. Porter,* 59 Miss. 628. The weight of authority appears to be that an officer acquiring a beneficial interest under an instrument may not take the acknowledgment. In some of the decisions, the rule is said to rest upon grounds of public policy. Other decisions have found the reason for the rule in the probative force accorded to the officer's certificate. Some of the courts, declaring the officer's duties to be judicial, hold that he may not take an acknowledgment of a deed in which he is interested. On the other hand, there is authority for the position that the acknowledgment is a ministerial act, and that an interested person is not disqualified from discharging such an act. Other cases hold that neither of these views expresses the true rule, and that the much mooted question whether the act is judicial or ministerial is not controlling; that no arbitrary rule will prove a safe test for determining in every instance whether an officer is disqualified to act because of interest; that the officer should be disinterested and impartial, as between the parties. Some of the cases think the better rule is that, where

there is no imputation or charge of improper conduct or bad
faith and undue advantage, the mere fact that the acknowledg-
ment was taken before an interested officer will not render it
void, if otherwise it is free from objection; that, where interest
is shown, the transaction should be scrutinized, to detect unfair
dealing. 1 Ruling Case Law 269; *Cooper v. Hamilton,* 97 Tenn.
285 (33 L. R. A. 338). An officer may not take his own ac-
knowledgment, or where his name appears in the instrument.
But an officer authorized to take acknowledgments is not dis-
qualified merely because he acts for one of the parties to the
transaction as agent or attorney at law, provided his compen-
sation does not depend upon procuring the acknowledgment to
be taken. 1 Ruling Case Law 271. In *Bardsley v. German-
American Bank,* 113 Iowa 216, it was held that, where the
cashier of a bank took the acknowledgment to a mortgage made
by his debtor to the bank, the fact that part of the proceeds
went to pay off the cashier's debt did not give him such an in-
terest therein as to invalidate his certificate of acknowledgment,
since the bank had the sole interest in the loan. In 1 Ruling
Case Law 273, a number of cases are cited to the proposition
that, where it does not appear from the face of the instrument,
or otherwise, that the officer taking the acknowledgment is dis-
qualified to act by reason of interest, the instrument, according
to the better rule, is entitled to be recorded, and such record
becomes effectual as constructive notice to subsequent pur-
chasers; that, the acknowledgment being regular and fair on its
face, no hidden interest of the officer should be permitted to
impeach its validity; that this is in accord with the policy of
the registry acts, inasmuch as the public records would be ren-
dered unreliable if extraneous proof of undisclosed interests
were admissible to avoid acknowledgments; and that less injury
is likely to flow from this rule than from the contrary doctrine.
It has been held that, where this view obtains, an acknowledg-
ment may be attacked only in a proceeding begun and prose-
cuted for the express purpose of having the instrument adjudged
void. However, some of our own cases seem to hold that the
interest disqualifies, whether apparent or not. *Blackman v.
Henderson,* supra. In that case, however, the name of a gran-

tee was held to be fictitious, and that the legal title was in one Lund, when the mortgage purporting to have been executed by Henderson was made, and that it was Lund's own mortgage. The mortgage was acknowledged before Lund, who was the mortgagor therein. This being so, it was held that neither a grantor nor a grantee in a conveyance can take his own acknowledgment before himself, and that, though the mortgage was valid as between Lund and the plaintiff therein, it was not entitled to record. The opinion refers to the fact that there are cases holding to the contrary, but they are not cited or discussed. A foreclosure of the mortgage, however, was permitted in that case, because the mortgage was valid as between the mortgagors and the mortgagee, without proper proof that the subsequent purchase was without notice, and for a valuable consideration, and because, under the pleadings, the purchaser of the land relied on a release of the mortgage, rather than on the other defects. It may be that we have gone into this matter more fully than necessary, since, under all the facts and circumstances, we have shown that the instant case does not come within the rule of the cases cited by appellants.          ·  .

3. The amendment to the answers also set up as a defense that, on August 26, 1920, plaintiff obtained from defendant W. H. Swailes a mortgage upon certain land as security for the payment of the money loaned by her to the Boltes; that the cars were sold by Bolte with the consent of Swailes; that, with knowledge that defendants were innocent purchasers of said cars, plaintiff satisfied and discharged the mortgage upon the land, and by reason thereof, is estopped from making any claim for any balance due upon the note as against appellants. Appellants asked that, if the petition should not be dismissed, plaintiff be required to exhaust all securities in her possession given by Swailes, or anyone for him, before judgment should be entered against appellants for the foreclosure of the mortgage. It appears that one of the cars was wrecked, and when the note became due, planitiff's husband insisted that a part should be paid, and that additional security should be given. Thereupon, Swailes executed a mortgage on his farm, and Bolte executed an agreement to assign to Swailes certain stock in the Bolte Trac-

tor Works, when the same was released from a trust agreement under which the stock was to be held, and not issued or transferred until certain of the stock had been sold.

One of the disputed questions of fact is whether the mortgage on the land was given simply as additional security, or whether it was to release the mortgage in question. Appellee

2. MORTGAGES: release: evidence.

contends that the land mortgage was given as additional security, without any thought or intention of releasing the mortgage on the cars. The trial court so found, and we think the finding is sustained by the evidence. The following winter, Swailes having traded his farm, the mortgage on the farm was released by plaintiff. The father of Swailes, in order to secure the release of the mortgage on the farm, guaranteed the payment of the note made by Bolte and wife to W. H. Swailes, and by him indorsed to plaintiff; but, as said, there was no release, or agreement on the part of anyone interested in the matter in question that it should be released. We do not find that the answers or the amendment allege that appellants paid anything for the cars. The nearest the pleadings come to making such an allegation is that they state that plaintiff had knowledge that defendants were innocent purchasers of the cars, before the satisfaction of the land mortgage; and further, the defendants allege that plaintiff, having obtained the land mortgage with the knowledge that defendants were innocent purchasers of the cars, discharged of record the said real estate mortgage, etc. We take it that this has reference to the question of notice or knowledge, and thereafter the release of the mortgage on the land.

It is contended by appellee that there is no competent evidence showing that anything was ever paid for the four-passenger car sold to Bickelhaupt, and by him sold to one of the appellants; and that the two-passenger car was not sold to Bickelhaupt, but was taken by him on account of the fact that he had paid money to Bolte, and another party had delivered to Bolte a car for the purpose of purchasing another car; but that Bolte failed to purchase, and Bickelhaupt simply took the two-passenger car to reimburse himself and the other party for the

money and car turned over to Bolte. We shall not go into the evidence on this subject.

Other minor questions are argued, but those noticed are controlling. We are of opinion that, on the whole case, the equities are with the plaintiff, and the judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.