Ohio Savings Bank & Trust Company, Appellant, v. Lucille Schneider, Appellee.

**SALES:** Conditional Sales—Conveyance in Satisfaction of Pre-existing Debt. An agent in possession of chattels, with power *"to sell"* and to account immediately to the principal, may not, in payment of his pre-existing personal debt, transfer the property to a third party, even though such possession is under a contract which is in the nature of a conditional sale, said third party making no claim that he did not have notice of the contract.

**Headnote 1:** 35 Cyc. pp. 675, 676.

**Headnote 1:** 24 R. C. L. 390.

*Appeal from Council Bluffs Municipal Court.*—J. L. Blanchard, Judge.

December 14, 1926.

Action of detinue for the possession of a Willys-Knight sedan, the plaintiff being the alleged holder of the title thereto. The answer was a general denial and an averment that the defendant was the owner of the same by purchase from one Graybill. There was a trial to the court without a jury, and a judgment rendered for the defendant. The plaintiff has appealed.—*Reversed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Lynn S. Alberti,* for appellee.

Evans, J.—We have no argument for the appellee. The evidence in the record involves no material conflict, and the case turns upon questions of law, and not upon conflict of evidence. It appears that one Graybill was a dealer in automobiles in the city of Council Bluffs, operating under the name of Council Bluffs Overland Company. On April 14, 1925, Graybill received the automobile in controversy from the plaintiff herein, and executed therefor a so-called "trust receipt," which constituted a contract between the parties. This contract is lengthy, and car-

ries many details.   The following quotation therefrom will be a
sufficient indication of its general purport:

"The undersigned hereby agree to hold in store said motor
vehicle in trust for said The Ohio Savings Bank & Trust Com-
pany * * * and as its property, with liberty to sell the same *for
the account of said bank* * * * and further agree in case of sale
to immediately transmit the proceeds to the full amount of the
above draft * * * Until such sale I hereby agree not to loan, rent,
deliver, mortgage, pledge or otherwise dispose of said motor ve-
hicle * * * It is agreed that any sale which the undersigned may
make of said motor vehicle shall be *for account of said bank* * * *
and I agree to keep said motor vehicle and any proceeds thereof,
separate and capable of identification as the property of said
bank * * * and to transmit such proceeds as hereinabove provided
to said bank, * * *"

After receipt of the same, Graybill purported to sell said
automobile to the defendant at an agreed price of $1,600, to be
applied upon a pre-existing debt owed by Graybill to the defend-
ant.   The defendant is the sister of Graybill, and had been his
partner in the business up to February 5th preceding this trans-
action.   The "trust receipt" was in the nature of a conditional
sale, and doubtless came under the operation of our statute which
requires such an agreement to be recorded, in order to impart
constructive notice.   Appellant does not contend otherwise.   We
put such a construction upon a similar contract in *Maxwell Mo-
tor Sales Corp. v Bankers Mtg. & Sec. Co.*, 195 Iowa 384.   The
contract was clearly valid and enforcible, as between the parties
thereto.   Being such, it was enforcible as against all others, ex-
cept purchasers for value without notice.   The defendant pleaded
that she was a purchaser for value, but did not claim to be such
"without notice."   The burden was upon her to so plead.   *Bart-
lett v. Bolte*, 193 Iowa 1063; *Zacharia v. Cohen Co.*, 140 Iowa
682; and *Diemer v. Guernsey & Johnson*, 112 Iowa 393.   The de-
fendant testified on the trial, but put forth no claim that she pur-
chased "without notice."   The theory of defense which appears
to have been put forward and sustained by the trial court was
that, under the law, as applied to this "trust receipt," Graybill
had a legal right to sell this automobile to his sister; and that
thereby she took a full legal title to the same; that the plaintiff's
remedy, if any, was against Graybill, and not against this defend-

ant. This was clearly an erroneous view. Graybill did not have a legal right, under the "trust receipt," to apply this automobile upon a pre-existing debt of his own. He had a right to sell and deliver the same only upon receipt of the agreed price fixed in the "trust receipt," $1,077. He had a right to receive such purchase price only as the agent of the plaintiff, the title to such proceeds vesting at once in the plaintiff. This is quite elementary. The pre-existing debt owed to the defendant by Graybill did not constitute "value," nor was it effective to make the defendant a purchaser for value. *Welke v. Wackershauser*, 143 Iowa 107; *Anderson & Rowley v. Howard*, 173 Iowa 4; and *Phelps, Dodge & Palmer Co. v. Samson*, 113 Iowa 145.

In finding for the defendant, the trial court erred, and its judgment is accordingly reversed.—*Reversed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.