F. E. HUGHES, doing business as HUGHES FINANCE Co., Appellant, v. LAURENCE WESSELL and JAMES F. COOPER, Appellees.

No. 44564.

APRIL 4, 1939.

H. C. Churchman, for appellant.

James F. Cooper, appellee, appears pro se.

MILLER, J.—The only question involved in this appeal is that of priority between appellant's conditional sale contract and appellee's chattel mortgage.

On December 20, 1937, appellee Wessell purchased an automobile from the Hughes Motor Company for the sum of $430, of

which $100 was paid forthwith, and the balance of $330 was payable in monthly installments of varying amounts commencing February 1, 1938, in accordance with a conditional sale contract, which was executed at the time by Wessell and the Hughes Motor Company. This conditional sale contract was assigned to the appellant Hughes, doing business as Hughes Finance Co.

From the information given by appellee Wessell at the time of the purchase, appellant concluded that Wessell resided in Harrison county, and the conditional sale contract was recorded there. The evidence indicates, however, and the trial court found, that at that time Wessell was residing on a farm in Monona county. During January 1938, Wessell became involved in a criminal proceeding and engaged appellee Cooper, an attorney, to represent him in such proceeding. On February 1, 1938, Wessell gave Cooper a chattel mortgage on the automobile to secure a note for $100. The note and mortgage were executed in payment for services theretofore rendered by Cooper in Wessell's behalf.

Wessell defaulted on the February payment to appellant and this action was commenced in equity to foreclose appellant's lien, and to recover judgment for the $330 unpaid on the automobile. Appellee Cooper intervened, asserted his chattel mortgage for $100, and asked that the same be foreclosed and the lien thereof established as prior to that of appellant's lien.

The trial court awarded judgment against appellee Wessell in favor of appellee Cooper in the sum of $90 together with an attorney fee of $9 and costs, and established the lien of Cooper's chattel mortgage as prior and superior to that of appellant's conditional sale contract. The court also gave judgment in favor of appellant against Wessell in the sum of $330 with interest at 7 per cent and costs, including an attorney fee of $26.50, and established the lien of appellant's conditional sale contract as valid, but junior and inferior to that of Cooper's chattel mortgage. From this decree appellant has brought the case to this court.

Appellee Cooper has filed a motion to dismiss the appeal, asserting that the amount in controversy does not exceed the sum of $100 and, since no certificate was entered of record by the trial court during the term at which judgment and decree was rendered, appellant has failed to comply with the provisions of section 12833 of the Code. We see no merit in the motion

to dismiss. Of course, appellee's judgment was less than $100 and, if we were to view the matter solely from the standpoint of relief granted appellee Cooper, there might be some basis for contending that less than $100 is involved. However, appellant's judgment was for $330 with interest and costs. Appellant here asks that his judgment for such amount be established as a prior lien ahead of that of appellee's chattel mortgage. Such being the case, it is obvious that the controversy involves more than $100. Schultz v. Ford Bros., 133 Iowa 402, 109 N. W. 614, 12 Ann. Cas. 428; Davis v. Laughlin, 147 Iowa 478, 124 N. W. 876. The motion to dismiss is overruled.

The appeal challenges that portion of the decree which found and adjudged that appellee Cooper "was an innocent purchaser and mortgagee of said car for value and without notice of the prior lien of the plaintiff". We hold that such finding and adjudication was erroneous.

A question, directly analogous to that presented here, was determined by this court in the case of Ohio Savings Bank v. Schneider, 202 Iowa 938, 211 N. W. 248. In that case, the appellant commenced an action of detinue for the possession of an automobile, upon which the appellant had a contract in the nature of a conditonal sale contract and upon which the appellee also had a bill of sale executed by the original purchaser to the appellee as part payment upon a pre-existing debt owed to the appellee. It was there claimed, as here, that the conditional sale contract was not properly recorded. In speaking of appellant's conditional sale contract, this court states at page 939 of 202 Iowa, at page 249, of 211 N. W., as follows:

"The contract was clearly valid and enforcible, as between the parties thereto. Being such, it was enforcible as against all others, except purchasers for value without notice."

In speaking of appellee's bill of sale, this court states at page 940 of 202 Iowa, at page 249 of 211 N. W., as follows:

"The pre-existing debt owed to the defendant by Graybill did not constitute 'value,' nor was it effective to make the defendant a purchaser for value."

The position, taken by this court in the above case regarding a purchaser under a bill of sale, applies as well to a mortgagee. Cambria Savings Bank v. La Nier, 135 Iowa 280, 112

N. W. 774; Martin v. Fritz, 194 Iowa 740, 190 N. W. 514. As pointed out in the La Nier case, where a note and mortgage are executed in satisfaction of a pre-existing debt, the mortgagee does not become a purchaser for value unless he gives some new consideration, as an agreement to extend time of payment. Appellee Cooper has introduced no evidence of any new consideration. The note, which Wessell executed and for which Cooper's mortgage was security, was payable "on demand". Hence, there was no extension of time involved, which might constitute new consideration for the mortgage.

Accordingly, that part of the decree of the trial court, which established the chattel mortgage of the appellee, Cooper, as superior to the lien of appellant's conditional sale contract, is erroneous. To that extent the decree must be and it is reversed.—Reversed.

MITCHELL, C. J., and SAGER, HALE, BLISS, STIGER, and HAMILTON, JJ., concur.